# EXHIBIT K

Case 2:10-ap-02243-SSC    Doc 5-2    Filed 01/28/11    Entered 01/28/11 15:14:29    Desc
Exhibit EXHIBITS K - S    Page 1 of 55

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rachel A. Earl, | )    No. CV-10-00678-PHX-ROS |
|         Plaintiff, | )    **ORDER** |
| vs. | ) |
| | ) |
| Freedom Home Mortgage Corp., et al., | ) |
|         Defendants. | ) |

Defendants Mark S. Bosco, Michael A. Bosco, Jr., Wells Fargo Bank, N.A., and Freedom Home Mortgage Corporation have moved to dismiss Plaintiff's complaint. Plaintiff has not file an opposition. Local Rule 7.2(i) provides a party's failure to file and serve a required answering memoranda, "may be deemed a consent to the . . . granting of the motion." Having considered the relevant factors, the motions to dismiss will be granted. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (outlining factors to consider when dismissing for failure to follow local rule).

Accordingly,

**IT IS ORDERED** the Motions to Dismiss (Doc. 8, 9, 10) are **GRANTED WITH LEAVE TO AMEND**. Plaintiff shall file her amended complaint no later than May 28, 2010.

DATED this 18th day of May, 2010.

Roslyn O. Silver
United States District Judge

# EXHIBIT L

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

FILED ___ LODGED
___ RECEIVED ___ COPY

JUL 1 2 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

Rachael A. Earl                              )
1311 S. Claiborne Ave.                       )
Gilbert, AZ  85296                           )
                                             )
                                             )
            **PLAINTIFF**                    )
              **V.**                         )     Case No. 2:10-CV-00678-ROS
**FREEDOM HOME MORTGAGE**                    )
**CORPORATION, et al**                       )     **PLAINTIFF'S MOTION TO**
                                             )     **DISMISS COMPLAINT WITHOUT**
                                             )     **PREJUDICE**
                                             )
                                             )
                                             )
                                             )
                                             )
                                             )
                                             )
            **DEFENDANT**                     )

---

**PLAINTIFF'S MOTION TO DISMISS COMPLAINT WITHOUT PREJUDICE**

        AND NOW, comes Plaintiff, Rachael Earl, proceeding for the moment,

pro se, who respectfully requests this Honorable Court to grant this Motion

to Dismiss Without Prejudice with regards to the complaint filed on or about

February 19, 2010. In support of this Motion, Plaintiff hereby avers as

follows:

    1.      On or about February 19, 2010, Plaintiff filed in the Superior

            Court of Maricopa County, Arizona, a Verified Complaint for

Declaratory and Injunctive Relief, docketed as CV2010-090616.

2.   On or about March 4, 2010, Plaintiff filed for Chapter 13 Bankruptcy protection, docketed as 2:10-bk-05650-RJH.

3.   On or about March 25, 2010, Defendants responded to Plaintiff's Complaint by notice for Federal Removal, and case is now apparently docketed as 2:10-CV-00678-ROS in Federal Court.

4.   According to the Federal Docket, during the month of April, 2010, Defendants Mark S. Bosco, Michael A. Bosco Jr., Wells Fargo Bank, N.A., and Freedom Home Mortgage Corporation all filed Motions to Dismiss Case.

5.   On or about May 17, 2010, an order was signed granting a Removal of Stay against Plaintiff on the property at 1311 S. Claiborne Ave, Gilbert, AZ   85296.

6.   On or about May 21, 2010, Plaintiff received another order granting Defendants' Motions to Dismiss and allowing Plaintiff until May 28, 2010 to file an amended complaint.

7.    On or about May 28, 2010, Plaintiff filed a Motion for an Enlargement of Time due to exigent circumstances surrounding the birth of her child.

8.    Plaintiff now requests this Honorable Court to dismiss this case without prejudice, as circumstances for the Plaintiff do not allow her to proceed in a timely manner on this case at this time.

9.    Plaintiff believes, and therefore avers, that neither the Court or the Defendants will be harmed should this Court properly grant Plaintiff's request without prejudice.

WHEREFORE, Plaintiff respectfully moves upon this Honorable Court for a dismissal of this case without prejudice.

Rachael Earl, Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Rachael A. Earl<br>1311 S. Claiborne Ave.<br>Gilbert, AZ  85296<br><br><br>**PLAINTIFF**<br>V.<br>FREEDOM HOME MORTGAGE<br>CORPORATION, et al<br><br><br><br><br><br><br><br><br><br><br>**DEFENDANT** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 2:10-CV-00678-ROS

**PLAINTIFF'S MOTION TO
DISMISS COMPLAINT WITHOUT
PREJUDICE**

---

# MOTION TO DISMISS COMPLAINT WITHOUT PREJUDICE

## CERTIFICATE OF SERVICE

Plaintiff hereby declares that the above referenced document has been sent to the

addresses listed below and served by U.S. Certified Mail Registered Number

_____.

Tiffany and Bosco
2525 East Camelback Road #300
Phoenix, AZ 85016

Snell & Wilmer
400 E. Van Buren Street
Phoenix, Arizona   85004

_Rachael Earl_
_____
Rachael A. Earl

# EXHIBIT M

1

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9    Rachel A. Earl,                    )    No. CV-10-00678-PHX-ROS
                                        )
10             Plaintiff,               )    **ORDER**
                                        )
11   vs.                                )
                                        )
12                                      )
     Freedom Home Mortgage Corp., et al.,)
13                                      )
               Defendants.              )
14                                      )
                                        )
15   _____

16          Plaintiff requests this case be dismissed without prejudice. (Doc. 15).  One defendant

17   has indicated no opposition to this request.

18          Accordingly,

19          **IT IS ORDERED** the Motion to Dismiss (Doc. 15) is **GRANTED**.  This case is

20   **DISMISSED WITHOUT PREJUDICE**.

21          DATED this 10th day of August, 2010.

22

23

24

25                              Roslyn O. Silver
                                United States District Judge

26

27

28

# EXHIBIT N

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

Rachel A. Earl,            )     **JUDGMENT OF DISMISSAL**
                              )       **IN A CIVIL CASE**

     Plaintiff,       )

                              )       CV 10-678 PHX-ROS

     v.                    )

                              )

Freedom Home Mortgage Corp.; et al.,  )

                              )

     Defendant(s).       )

___    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

 X    Decision by Court. This action came for consideration before the Court. The issues have been considered and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that pursuant to the Court's order dated August 11, 2010,  Plaintiff to take nothing, and complaint and action are dismissed without prejudice.

                           RICHARD H. WEARE
                           District Court Executive/Clerk

August 11, 2010

                           s/ Linda S Patton
                           By: Deputy Clerk

cc: (all counsel)

# EXHIBIT O

IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.
The party obtaining this order is responsible for
noticing it pursuant to Local Rule 9022-1.

Dated: May 17, 2010



1  **TIFFANY & BOSCO**
        P.A.

2  **2525 EAST CAMELBACK ROAD**
   **SUITE 300**
3  **PHOENIX, ARIZONA 85016**
   **TELEPHONE: (602) 255-6000**
4  **FACSIMILE: (602) 255-0192**

5

6  Mark S. Bosco
   State Bar No. 010167
   Leonard J. McDonald
7  State Bar No. 014228
   Attorneys for Movant

8

   10-01475
9

*Randolph J. Haines*
_____
                    RANDOLPH J. HAINES
                    U.S. Bankruptcy Judge

10              IN THE UNITED STATES BANKRUPTCY COURT

11                   FOR THE DISTRICT OF ARIZONA

12

13  IN RE:                                    No. 2:10-bk-05650-RJH
    Rachael Anne Earl
14          Debtors.                                 Chapter 13

15  _____         O R D E R
    U.S. Bank National Association, as Trustee for
16  GSAA 2007-9 by its Attorney in fact Wells Fargo   (Related to Docket #19)
    Bank, N.A., successor by merger to Wells Fargo
17  Home Mortgage Inc.                          Hearing Date:  May 12, 2010
            Movant,
18      vs.

19  Rachael Anne Earl
    Debtors; Edward J. Maney, Trustee.
20

21          Respondents.
    _____

22

23      **IT IS HEREBY ORDERED** that all stays and injunctions, including the automatic stays imposed

    by U.S. Bankruptcy Code 362(a) are hereby terminated as to Movant with respect to that certain real
24
    property which is subject of a Deed of Trust dated April 12, 2007, and recorded in the office of the
25
    Maricopa County Recorder wherein U.S. Bank National Association, as Trustee for GSAA 2007-9 by its
26

Attorney in fact Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage Inc. is the current beneficiary and Rachael Anne Earl has an interest in, further described as:

Lot 196, AGRITOPIA, PHASE 2A, according to Book 691 of Maps, Page 4, and Affidavit of Correction recorded as 2004-1145385, records of Maricopa County, Arizona.

IT IS FURTHER ORDERED that this Order vacating the automatic stay imposed by U.S. Bankruptcy Court Code 362(a) shall be binding and effective in the event the Debtor converts this case to another chapter under the U.S. Bankruptcy Code.

_____
UNITED STATES BANKRUPTCY JUDGE

# Notice Recipients

District/Off: 0970-2          User: radickem          Date Created: 5/18/2010
Case: 2:10-bk-05650-RJH       Form ID: pdf004         Total: 4

**Recipients of Notice of Electronic Filing:**
tr        EDWARD J. MANEY        courtecf@maney13trustee.com
aty       MARK 1 BOSCO           ecf@tblaw.com

                                                                    TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db        RACHAEL ANNE EARL        1311 S. CLAIBORNE AVE.        GILBERT, AZ 85296
aty       RONALD L. HOFFBAUER        EDWARD J. MANEY, CHAPTER 13 TRUSTEE        P.O. BOX
          10434        PHOENIX, AZ 85064

                                                                    TOTAL: 2

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

In re:                                        Case No.: 2:10–bk–05650–RJH

RACHAEL ANNE EARL                             Chapter: 13
1311 S. CLAIBORNE AVE.
GILBERT, AZ 85296
**SSAN:** xxx–xx–3449
**EIN:**

Debtor(s)

## NOTICE OF ENTRY OF JUDGMENT OR ORDER

You are hereby notified that on May 18, 2010, this Court entered the enclosed judgment or order on the docket for the above–entitled proceeding.

I hereby certify that on this date a copy of this notice and the judgment or order were sent to the Bankruptcy Noticing Center for mailing to the parties and the U.S. Trustee.

**Date: May 18, 2010**

**Address of the Bankruptcy Clerk's Office:**          Clerk of the Bankruptcy Court:
U.S. Bankruptcy Court, Arizona
230 North First Avenue, Suite 101                      **Brian D. Karth**
Phoenix, AZ 85003–1727
Telephone number: (602) 682–4000
www.azb.uscourts.gov

# Notice Recipients

District/Off: 0970-2      User: radickem      Date Created: 5/18/2010

Case: 2:10-bk-05650-RJH      Form ID: ntentry      Total: 4

**Recipients of Notice of Electronic Filing:**

tr      EDWARD J. MANEY      courtecf@maney13trustee.com

aty      MARK 1 BOSCO      ecf@tblaw.com

                                                        TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

db      RACHAEL ANNE EARL      1311 S. CLAIBORNE AVE.      GILBERT, AZ 85296

aty      RONALD L. HOFFBAUER      EDWARD J. MANEY, CHAPTER 13 TRUSTEE      P.O. BOX 10434      PHOENIX, AZ 85064

                                                        TOTAL: 2

# EXHIBIT P

**IT IS HEREBY ADJUDGED**
**and DECREED this is**
**DENIED.**


**Dated: May 24, 2010**

UNITED STATES BANKRUPT(
FOR THE DISTRICT OF

*Randolph J. Haines*

**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**

IN RE:                          :    CH

                                :
Rachael Earl                    :    Case No.: 2:10-bk-05650-RJH
        Debtor/Movant           :
                                :    EMERGENCY MOTION TO
                                :    REINSTATE AUTOMATIC STAY
                                :    OR IN THE ALTERNATIVE
                                :    GRANT TEMPORARY
                                :    RESTRAINING ORDER
                                :

---

ORDER

AND NOW, this_____ day of May, 2010 upon consideration of Debtor/Movant's

Motion to Reinstate Debtor/Movant's Automatic Stay, or in the alternative, Grant

Debtor/Movant's Temporary Restraining Order,

IT IS HEREBY ORDERED:

Debtor/Movant's Emergency Motion to Reinstate the Automatic Stay,

or in the alternative,

Debtor/Movant's Emergency Motion for Temporary Restraining Order,

Is hereby GRANTED.

It is Further ORDERED:

US Bank be enjoined from proceeding with Forcible Detainer proceedings upon Debtor

regarding the residence at 1311 S. Claiborne Ave., Gilbert, AZ 85296.


BY ORDER OF THE COURT:

_____

# Notice Recipients

District/Off: 0970−2
Case: 2:10−bk−05650−RJH

User: radickem
Form ID: pdf008

Date Created: 5/25/2010
Total: 1

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db      RACHAEL ANNE EARL     1311 S. CLAIBORNE AVE.      GILBERT, AZ 85296

TOTAL: 1

# EXHIBIT Q

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2010-006146                                    08/19/2010


COMMISSIONER MICHAEL L. BARTH          CLERK OF THE COURT
                                                   C. Saunders
                                                   Deputy


U S BANK NATIONAL ASSOCIATION          LEONARD J MCDONALD

v.

RACHAEL EARL                           KEVIN L JENSEN


MINUTE ENTRY


Courtroom OCH-005

2:47 p.m.  This is the time set for Forcible Detainer Trial to the Court, continued from August 3, 2010.  Counsel Leonard McDonald is present appearing on behalf of the Plaintiff.  Defendant Rachael Earl is present with local counsel, Kevin Jensen, and *pro hac vice* applicant Michael Pines.

A record of the proceedings is made by audio and/or videotape in lieu of a court reporter.

Discussion is held regarding Counsel Pines' *pro hac vice* status.  This Court did not receive a copy of the filed Application.

Plaintiff has no objection to the Application.

To allow the Court to review the appropriate Rule and the Application,

3:00 p.m.  The Court stands at recess.

Docket Code 049                    Form V000A                         Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2010-006146                                      08/19/2010


3:18 p.m. Court reconvenes with the parties and respective counsel present.

A record of the proceedings is made by audio and/or videotape in lieu of a court reporter.

The Court having reviewed the applicable Rule, Plaintiff having no objection, and good cause appearing,

IT IS ORDERED granting temporary *pro hac vice* admission of Counsel Michael Pines on behalf of the Defendant in this matter only.

The Court notes that Plaintiff's Motion for Judgment on the Pleadings remains to be addressed. The Court is presented with Defendant's Opposition to Plaintiff's Motion for Judgment on the Pleadings which does not appear to have been previously filed.

There being no objection,

IT IS ORDERED directing the Clerk to file Defendant's Opposition to Plaintiff's Motion for Judgment on the Pleadings.

Oral argument is heard regarding the Plaintiff's Motion and Defendant's Opposition thereto.

Defendant opposes the Motion and Defendant asserts that Plaintiff was without standing to bring the action on the basis of alleged defects/irregularities in the Trustee's sale and Trustee's Deed of Trust. The Court shall take Judicial Notice of the certified copy of the Trustee's Deed Upon Sale provided by Plaintiff.

Having considered the Motion, Response thereto, the arguments presented, and review of the Trustee's Deed,

IT IS ORDERED granting Plaintiff's Motion for Judgment on the Pleadings, this Court finding no triable/material issues of fact.

Based upon matters presented to the Court,

THE COURT FINDS Defendant Rachael Earl guilty of forcible detainer.

IT IS ORDERED granting judgment in forcible detainer against Defendant Rachael Earl and in favor of Plaintiff, all in accordance with the formal written Judgment signed by the Court on August 19, 2010 and entered (filed) by the Clerk on August 19, 2010.

Docket Code 049                    Form V000A                              Page 2

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2010-006146                                          08/19/2010


IT IS FURTHER ORDERED that a Writ of Restitution may issue on or after August 25, 2010.

Discussion is held regarding Defendant's intention to file a Bankruptcy Petition following the conclusion of this trial. No further action is taken by the Court.

3:45 a.m. Matter concludes.

FILED: Summons
        Affidavit of Service of Process
        Opposition to Plaintiff's Motion for Judgment on the Pleadings

<u>LATER:</u>

The Court signs this minute entry as an enforceable Order.



/ s / COMMISSIONER MICHAEL L. BARTH

JUDICIAL OFFICER OF THE SUPERIOR COURT

# EXHIBIT R

**LAW OFFICES OF KEVIN JENSEN, PLLC**
ATTORNEYS and COUNSELORS at LAW
3740 EAST SOUTHERN AVE.
SUITE 210
MESA, ARIZONA 85206
TELEPHONE (480) 632-7373
FACSIMILE (480) 632-8383

Kevin Jensen, State Bar No. 021524

*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| U.S. Bank National Association, as Trustee for GSAA 2007-9 by its Attorney in fact Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage Inc.<br><br>                                        Plaintiff<br><br>vs.<br><br>Rachael Earl; John Does I-X, JOHN DOE OCCUPANT 1-5 AND JAME DOE OCCUPANT 1-5,<br><br>                                        Defendant. | NO: CV2010-006146<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**Forcible Detainer after Trustee's Sale pursuant to A.R.S. [13-1173.01, et seq.]** |

Defendants Rachael Earl and Dan Earl ("Earls" or "Defendants") by and through counsel undersigned, hereby submits their Opposition to Plaintiff's Motion for Judgment on the Pleadings and requests that the Court deny Plaintiff's Motion and allow this matter to proceed to a jury trial. The Court should deny Plaintiff's motion because there are issues of fact for a jury to decide, including, among other things whether Plaintiff is the real party in interest; whether the trustee's sale was properly conducted, and whether Plaintiff has any right to possession of the property. Defendants' position is set forth and based upon the following Memorandum of Points and Authorities as well as the documents attached hereto.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Statement of Facts

On or about April 12, 2007, Rachael Earl purchased a home located at 1311 South Clairbourne Avenue, Gilbert, Arizona 85296 by executing a Promissory Note in favor of Freedom Home Mortgage Corporation ("FHMC') in the amount of $500,000. There is no dispute that the Note was secured by a Deed of Trust on the property. What ensued following the original transaction can only be described as a

On or about June 12, 2007, FHMC sold Defendants' mortgage to Wells Fargo Home loans. *See Exhibit 1.* There is no documentation, other than Exhibit 1 to support or document this transaction. On or about July 10, 2007, Wells Fargo Bank, N.A. recorded a Limited Power of Attorney which purported to appoint U.S. Bank National Association ("U.S. Bank N.A.") as its Attorney-In-Fact. *See Exhibit 2.* On February 5, 2007, Wells Fargo N.A., through Michael A. Bosco, Jr., recorded a Limited Power of Attorney wherein Wells Fargo Bank N.A. purports to appoint Mark S. Bosco and Michael A. Bosco, Jr. their attorney in fact. *See Exhibit 3.* The Limited Power of Attorney is incomplete. Specifically, it lists October 30th as the date with no year indicated. *See id.* Moreover, the notary jurat appears to have been altered to show a date in 2008, however, the original expiration date on the notary stamp appears to be 2005. *See id.*

On January 16, 2009, Mortgage Electronic Registration Systems, Inc. ("MERS") recorded a Corporation Assignment of Deed of Trust wherein MERS assigns and transfers beneficiary status to U.S. Bank National Association, as Trustee for GSAA 2007-9. *See Exhibit 4.* The Corporation Assignment of Deed of Trust is executed by Jennifer Hamlin as an Assistant Secretary for MERS, Inc. *See id.* Jennifer Hamlin is an employee and notary for Plaintiff's attorney Tiffany & Bosco. *See Exhibits 6 & 7.* The Corporation Assignment of the Deed of

2

Trust was notarized by Ann Armstrong, also a notary employed by Plaintiff's Attorney Tiffany & Bosco.  Notably, the Assignment is backdated to December 8, 2008 apparently to validate U.S. Bank's authority to issue a timely Notice of Default as required by the Deed of Trust.

Also on January 16, 2009, a Substitution of Trustee was executed by Mark S. Bosco, by Limited Power of Attorney wherein he appoints his father, Michael A. Bosco, Jr. as the Successor Trustee. *See Exhibit 8.*  There is no basis or authority for Mark Bosco to make this transfer, thus rendering the Substitution of Trustee invalid.

Moreover, the Assignment is backdated as to the effective date to December 2008, apparently in an attempt to establish that US Bank had authority to issue a timely Notice of Default, as required by the Deed of Trust, which was never issued or recorded.

A purported Substitution of Trustee was also signed on January 15, 2009, by Mark S. Bosco "By Limited Power of Attorney", substituting Michael A. Bosco Jr. his father, as trustee. There is no document in existence granting Mark S. Bosco authority to act on behalf of US Bank National Association as Trustee for GSAA 2007-9.

On January 14, 2010, the Defendants' property was sold at an invalid and improper Trustees' Sale as indicated by the Trustees' Deed attached to Plaintiff's Complaint.  The Trustees' Deed was executed by Michael A. Bosco, Jr. and notarized by Paula Gruntmeir on January 14, 2010.  The digital signature for both Mr. Bosco and Ms. Gruntmeir show a time stamp of 07:00 on 1/14/2010.  The document appears to have been executed prior to the time the property could even be sold under Arizona law.

II.   **Legal Argument**

    A.   **The Trustee's Sale is Void Because it was Based on Fraud, Misrepresentation and Concealment**.

3

Issues of fact for a jury remain regarding possession in this matter because the January 14, 2010 Trustee's Sale is void due to Plaintiff's fraud, misrepresentation and concealment of facts regarding the real owner of the Note and Deed of Trust and the authority to hold a Trustee's sale. Arizona law is clear that "[a] foreclosure sale is void if there are grounds for equitable relief based on serious sale defects, including deliberate notice failure, fraud, misrepresentation, or concealment." *In re Hills*, 299 B.R. 581, 586 (Bkrtcy.D.Ariz., 2002)(quoting *Main I ltd. Partnership v. Venture Capital Const. & Dev. Corp.*, 154 Ariz. 256, 260, 741 P.2d 1234 (App. 1987)). While it is true that the merits of title may not be litigated in a Forcible Detainer action, the fact of title may be proved as a matter incidental to showing right of possession by an owner. *See Andreola v. Arizona Bank*, 26 Ariz.App. 556, 557, 550 P.2d 110, 111 (Ariz.App. 1976).

In this case, judgment on the pleadings is inappropriate because the documents relied upon to proceed with the purported Trustees' Sale are rife with inconsistencies, fraud and misrepresentations that call in the question the validity of the sale itself. If the sale is invalid then Plaintiff has no right to possession of the property. These questions of fact must be allowed to be presented to a jury. A review of the documents relied upon by Plaintiff to proceed with the Trustees' Sale and this matter easily demonstrate the fraud and missteps of the Plaintiffs throughout this matter.

1.    The Power of Attorney[1] granting Attorney in Fact status to Wells Fargo from US Bank has been found by the US Bankruptcy Court to be "Internally inconsistent" and "defective" and was thrown out by a Bankruptcy Judge in *In Re Wells*, 407 BR 873 (N.D. Ohio, 2009). In the *Wells* case the Grantor is US Bank National Association, but it is executed by US Bank

---

[1] *See Exhibit 2.*

4

National Association, as Trustee. The Power of Attorney needs to state "US Bank National Association as Trustee for GSAA 2007-9" as Grantor and Executed by the same party.

2. The Power of Attorney granting Attorney in Fact status to Mark and Michael Bosco from Wells Fargo is incomplete. The form lists 30th of October as the date with no year in three separate places, including the jurat. There is no evidence as to when this document was executed. ARS 41-328 (A) A notary public shall not perform a jurat on a document that is incomplete. The notary jurat has also been altered to show a date of 2008, but appears the original expiration date on the notary stamp was 2005. The handwriting stating "My Commission Expires May 28, 2008" is in a different handwriting than the notary, Anne Nelson (based upon other notarized documents from the same notary pulled from the Polk Iowa County Recorder).

3. There is no chain of command, and no foundation has been established for the Plaintiff's one piece of evidence, the Trustee's Deed Upon Sale. Pursuant to Rule 901 of the Federal Rules of Evidence the Trustees' Deed Upon Sale is not admissible.

4. None of the parties in the chain of transfer have any standing to bring the action as they are not the Holder in Due Course as pursuant to UCC 3-302. They have submitted no proof of legal possession other than the fact that they conducted the sale.

5. The Corporation Assignment of Deed of Trust "grants" beneficiary status from MERS to US Bank National Association, as Trustee for GSAA 2007-9. The document is signed by Jennifer Hamlin, who purports that she is the Assistant Secretary of MERS, when in fact she works for Tiffany and Bosco. Jennifer Hamlin was a Notary with Tiffany and Bosco at the time of signing and we obtained from the Secretary of State (Notary document with State seal and a signed letter from the SOS) evidence that she lists Tiffany and Bosco as her employer. There is

5

no Power of Attorney granting Jennifer Hamlin authority to sign for MERS, nor is there any evidence suggesting that she has any authority from them.

6.     The Substitution of Trustee is signed by Mark Bosco (as Attorney in Fact for Wells Fargo) granting Trustee status to his father, Michael Bosco.  The Power of Attorney granting Mark Bosco authority from Wells Fargo has already been found to be invalid, so Mark Bosco has no authority to transfer anything.

7.     The alleged note is not recorded, and pursuant to ARS 33 411-412, it MUST be recorded or it is invalid as to creditors.

8.     US Bank is not the Real Party in Interest.  In re Jacobson US Bankruptcy Court: "Whoever is entitled to enforce the obligation sought to be enforced.  Even if a servicer or agent has authority to bring the motion on behalf of the holder, it is the holder, rather than the servicer, which must be the moving party, and so identified in the papers and in the electronic docketing done by the moving party's counsel."

In short, there are numerous "questionable" issues that are raised by the trust documents in this case.  Plaintiff should be required to respond and answer to these issues of apparent fraud. At a minimum, there are numerous questions of fact that prohibit granting Plaintiff's motion and allowing this matter to be decided by a jury.

**B.     The Trustee's Sale is Void and Plaintiff is not Entitled to Possession Because Defendants Did Not Receive a Notice of Default as Required by the Deed of Trust.**

A.R.S. § 33-808 sets forth the notice requirements for a trustees' sale and provides as follows:

A.     The trustee shall give written notice of the time and place of the sale legally describing the trust property to be sold *by each of the following methods:*

. . .

6

3.　Posting a copy of the notice of sale, **at least twenty days before the date of sale in some conspicuous place on the trust property to be sold**, if posting can be accomplished without a breach of the peace. If access to the trust property is denied because a common entrance to the property is restricted by a limited access gate or similar impediment, the property shall be posted by posting notice at that gate or impediment. Notice shall also be posted at one of the places provided for posting public notices at any building that serves as a location of the superior court in the county where the trust property is to be sold. Posting is deemed completed on the date the trust property is posted. The posting of notice at the superior court location is deemed a ministerial act.

Defendant never received written notice of the Trustee's Sale as required by Arizona law. No notice was ever posted in a conspicuous place (or any other place) on the trust property as required. Plaintiff has simply failed to proceed as required by Arizona law and should not be allowed to unlawfully take Defendant's property under the guise of having conducted a proper Trustee's Sale. At a minimum, this issue raises a fact for a jury to decide.

**C.**　**The Trustee's Sale is Void Because the Trustee Failed to Provide Proper and Adequate Notice Pursuant to A.R.S. § 33-808, Therefore Plaintiff is Not Entitled to Possession.**

Plaintiff alleges the sale date of the property was listed as 1/14/2010. The Trustee's Deed Upon Sale (Movant's only evidence in the Motion for Relief from Stay) shows a time stamp of 07:00 on 1/14/2010. This is a direct violation of ARS 33-808 (4) (B) which provides that ""The sale shall be held at the time and place designated in the notice of sale on a day other than a Saturday or legal holiday between 9:00 a.m. and 5:00 p.m. mountain standard time." This constitutes an illegal sale of the property, as the Trustee's Deed Upon Sale was signed and notarized PRIOR to the time when the sale could have occurred on 1/14/2010.

There is no evidence, other than counsel's avowal that the sale took place any time other than the time stated on the Trustee's Deed. This raises serious questions as to the validity of the sale and whether it took place at all or whether counsel for Plaintiff and their employees simply

7

created internal documents indicating a sale took place. This is a question of fact that must be determined by the jury.

A.R.S. § 33-808 sets forth the notice requirements for a trustees' sale and provides as follows:

> A.      The trustee shall give written notice of the time and place of the sale legally describing the trust property to be sold *by each of the following methods:*
>
> . . .
>
> 3.      Posting a copy of the notice of sale, **at least twenty days before the date of sale in some conspicuous place on the trust property to be sold,** if posting can be accomplished without a breach of the peace. If access to the trust property is denied because a common entrance to the property is restricted by a limited access gate or similar impediment, the property shall be posted by posting notice at that gate or impediment. Notice shall also be posted at one of the places provided for posting public notices at any building that serves as a location of the superior court in the county where the trust property is to be sold. Posting is deemed completed on the date the trust property is posted. The posting of notice at the superior court location is deemed a ministerial act.

DATED this 7th day of July, 2010.

**LAW OFFICES OF KEVIN JENSEN, PLLC**

By   /s/ Kevin Jensen
          Kevin Jensen
          Attorneys for Plaintiff

**ORIGINAL** of the foregoing filed
this 7th day of July, 2010, with:

Michael K. Jeanes, Clerk
**MARICOPA COUNTY SUPERIOR COURT**
222 East Javelina
Mesa, Arizona 85210

**COPY** of the foregoing mailed
this 7th day of July, 2010, to:

8

| | |
|---|---|
| 1 | Mark S. Bosco |
| 2 | Leonard J. McDonald<br>TIFFANY & BOSCO, P.A. |
| 3 | 2525 E. Camelback Road, Suite 300 |
| 4 | Phoenix, Arizona 85016<br>*Attorneys for Plaintiff* |
| 5 | |
| 6 | |
| 7 | /s/ Susan Durrant |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

9

# EXHIBIT 1



# FREEDOM MORTGAGE

907 Pleasant Valley Avenue, Suite 3 • Mt Laurel, NJ 08054 • 800.220.3333

3/02/2010

Office of the Clerk of the Superior Court
201 West Jefferson Street
Phoenix Arizona 85003-2205

Rachel Earl
1311 S. Claiborne Ave
Gilbert AZ 85296

Re: Case # CV2010-090616, Superior Court, Maricopa County AZ
Rachel A. Earl, Pltf. vs. Freedom Mortgage Corporation

In reference to the above case please let it be known that Freedom Mortgage Corporation
has no interest in the property 1211 S. Claiborne Ave, Gilbert AZ 85296. The mortgage
originated on 4/12/2007 was sold to Wells Fargo Home loans on 6/12/2007. Any
foreclosure action would have been brought by Wells Fargo and not by Freedom
Mortgage Corporation.

Sincerely,

Roseanne Goldberg
Vice President Customer Service
Freedom Mortgage
907 Pleasant Valley Ave
Mt. Laurel, NJ 08054

Cc:
Mark S. Bosco
2525 E. Camelback Rd, Suite 300
Phoenix AZ 85016

Mers
7301 BayMeadows Way
Jacksonville, Fl 32256

Arizona Title Agency
4041 N. Central Ave, No. D-
Phoenix AZ 85012

Exhibit R-17 (page 1 of 2)

**EXHIBIT 2**

## LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS: That Wells Fargo Bank N.A. has made, constituted and appointed, and by these presents does make, constitute and appoint MARK S. BOSCO and MICHAEL A. BOSCO, JR., of the firm of TIFFANY & BOSCO, P.A., 2525 EAST CAMELBACK ROAD, SUITE 300, PHOENIX, ARIZONA 85016, individually and not jointly, its true and lawful attorney in fact for, and in its name, place and stead, and for its use and benefit, for every act customarily and reasonably necessary and appropriate for:

The execution, acknowledgment, recording and delivery of beneficiary's Non Military Affidavit, Notices of Default on Mortgages, and Verifications of Debt wherein the above-named principal is the original or substituted beneficiary or servicing agent for the beneficiary, and Deeds to the Secretary of Veterans Affairs, Secretary of Housing and Urban Development, Deeds to Federal National Mortgage Association, and Deeds to Federal Home Loan Mortgage Corporation, to convey properties in which the Mortgage foreclosed secured a loan guaranteed or insured by the department of Veterans Affairs or Department of Housing and Urban Development, and Deeds and assignment of beneficial interest to the investor on mortgage loans in which Wells Fargo Bank N.A. is the beneficiary of record of the Mortgage.

Giving and granting unto said attorney-in-fact full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done to accomplish the foregoing as the principal above-named might or could do as if personally present, with full powers of substitution and reservation, hereby confirming and ratifying all that the principal's attorney in fact shall lawfully do or cause to be done by virtue of these presents. The undersigned fully acknowledges and understands that said attorney-in-fact is being granted authority to appoint himself or a business in which he has a pecuniary interest as trustee to conduct foreclosures for Wells Fargo Bank N.A. on a for profit basis and has consulted independent counsel regarding same.

By exercise of this limited power, the attorney(s)-in-fact shall indemnify Wells Fargo Bank N.A. from all claims, demands, suits, penalties or actions, and from all attendant losses, costs and expenses for any claims against, or losses or liability of Wells Fargo Bank N.A. for any cause to the extent the same arise out of, or result from, default in the performance of, or the negligent performance of, or willful misconduct regarding any obligation of the attorney(s)-in-fact under this power.

This limited power of attorney shall be effective from the date of execution hereof until December 31, 2009 or such time as Wells Fargo Bank N.A. or its successor revokes it in writing.

IN WITNESS WHEREOF, Rachael Hendrickson-Browder has hereunto set his/her hand and seal this 30th day of October.

Wells Fargo Bank N.A.

Signed: _____

Printed name:   Rachael Hendrickson-Browder

Title:   Vice President Loan Documentation

| | | |
|---|---|---|
| STATE OF | IOWA | ) |
| COUNTY OF | POLK | ) ss. |
| | | ) |

This is to certify that on the 30th day of October, before me, a notary public in and for the State of IOWA, personally appeared Rachael Hendrickson-Browder, whose name is signed to the foregoing, and who is known to me, acknowledged before me on this day that she, being informed of the contents thereof, s/he executed the foregoing document as Vice President Loan Documentation of Wells Fargo Bank N.A., voluntarily for and as the act of said corporation, acting in said capacity, as aforesaid.

Given under my hand this 30th day of October.

_____
Notary public in and for:
My commission expires:

Seal

ANNE NELSON
Commission Number 716748
My Commission Expires
May 28, 2008

Expires May 28, 2008

**EXHIBIT 3**

Presented for recording without liability
for acceptability or sufficiency by
FIRST AMERICAN TITLE.

When Recorded Mail to:

Michael A. Bosco, Jr., Trustee
2525 East Camelback Road, Suite 300
Phoenix, AZ 85016

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20070146894 02/05/2007 04:12
ELECTRONIC RECORDING

85016-2-1-1--
maresa

## LIMITED POWER OF ATTORNEY

## LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS: That Wells Fargo Bank N.A., has made, constituted and appointed, and by these presents does make, constitute and appoint **MARK S. BOSCO** and **MICHAEL A. BOSCO, JR.**, of the firm of **TIFFANY & BOSCO, P.A.**, 2525 EAST CAMELBACK ROAD, SUITE 300, PHOENIX, ARIZONA 85016, individually and not jointly, its true and lawful attorney in fact for, and in its name, place and stead, and for its use and benefit, for every act customarily and reasonably necessary and appropriate for:

The execution, acknowledgment, recording and delivery of beneficiary's Non Military Affidavit, Notices of Default on Mortgages, and Verifications of Debt wherein the above-named principal is the original or substituted beneficiary or servicing agent for the beneficiary, and Deeds to the Secretary of Veterans Affairs, Secretary of Housing and Urban Development, Deeds to Federal National Mortgage Association, and Deeds to Federal Home Loan Mortgage Corporation, to convey properties in which the Mortgage foreclosed secured a loan guaranteed or insured by the department of Veterans Affairs or Department of Housing and Urban Development, and Deeds and assignment of beneficial interest to the investor on mortgage loans in which Wells Fargo Bank N.A. is the beneficiary of record of the Mortgage.

Giving and granting unto said attorney-in-fact full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done to accomplish the foregoing as the principal above-named might or could do as if personally present, with full powers of substitution and reservation, hereby confirming and ratifying all that the principal's attorney in fact shall lawfully do or cause to be done by virtue of these presents. The undersigned fully acknowledges and understands that said attorney-in-fact is being granted authority to appoint himself or a business in which he has a pecuniary interest as trustee to conduct foreclosures for Wells Fargo Bank N.A. on a for profit basis and has consulted independent counsel regarding same.

By exercise of this limited power, the attorney(s)-in-fact shall indemnify Wells Fargo Bank N.A. from all claims, demands, suits, penalties or actions, and from all attendant losses, costs and expenses for any claims against, or losses or liability of Wells Fargo Bank N.A. for any cause to the extent the same arise out of, or result from, default in the performance of, or the negligent performance of, or willful misconduct regarding any obligation of the attorney(s)-in-fact under this power.

This limited power of attorney shall be effective from the date of execution hereof until December 31, 2009 or such time as Wells Fargo Bank N.A. or its successor revokes it in writing.

IN WITNESS WHEREOF, Rachael Hendrickson-Browder has hereunto set his/her hand and seal this 30th day of October.

Wells Fargo Bank N.A.

Signed:

Printed name:     Rachael Hendrickson-Browder

Title:               Vice President Loan Documentation

STATE OF    **IOWA**          )
                                         ) ss.
COUNTY OF   **POLK**         )

This is to certify that on the 30th day of October, before me, a notary public in and for the State of IOWA, personally appeared Rachael Hendrickson-Browder, whose name is signed to the foregoing, and who is known to me, acknowledged before me on this day that she, being informed of the contents thereof, s/he executed the foregoing document as Vice President Loan Documentation of Wells Fargo Bank N.A., voluntarily for and as the act of said corporation, acting in said capacity, as aforesaid.

Given under my hand this 30th day of October.

Notary public in and for:
My commission expires:

Seal

ANNE NELSON
Commission Number 716749
My Commission Expires
May 28, 2008

expires May 28, 2008

**EXHIBIT 4**

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20090041298  01/16/2009  04:11
ELECTRONIC RECORDING

2900234-1-3-1--
Esquivela

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:
Wells Fargo Home Mortgage Inc
Attn: F/C Dept.
3476 Stateview Boulevard
Fort Mill SC 29715

T&B NO.: 09-40173
LOAN NO.: 0159737428

APN: 313-10-317

## CORPORATION ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned corporation hereby grants, assigns and transfers to U.S. Bank National Association, as Trustee for GSAA 2007-9 by its Attorney in fact Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage Inc. all beneficial interest under that certain Deed of Trust dated 04/12/2007 executed by Rachael A. Earl, a married woman as her sole and separate property Trustor, to Arizona Title Agency, Inc. Trustee, and recorded on 04/17/2007 as Instrument No. 2007-0446763 on in Book Page of Official Records of Maricopa County, AZ describing the land therein:

AS PER DEED OF TRUST MENTIONED ABOVE.

Together with the Note or Notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust

January 15, 2009        Effective Date: 12/08/2008

Mortgage Electronic Registration Systems, Inc.

By : Jennifer Hamlin
It's: Assistant Secretary for MERS, Inc.

STATE OF ARIZONA
COUNTY OF MARICOPA

On January 15, 2009, before me, Ann Armstrong, a Notary Public for said State, personally appeared Jennifer Hamlin personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of ARIZONA that the foregoing is true and correct.

WITNESS my hand and official seal.

Signature

OFFICIAL SEAL
ANN ARMSTRONG
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires Jan. 15, 2010

**EXHIBIT 5**

# ARIZONA
## Department of State



UNITED STATES OF AMERICA

STATE OF ARIZONA

I, KEN BENNETT, Arizona Secretary of State, do hereby certify that a digital search of the notary database, on April 30, 2010, reveals that JENNIFER HAMLIN, was commissioned as an Arizona Notary Public for the following terms in the County of MARICOPA, State of Arizona.

**Commission Term(s):**
January 20, 2006 - January 19, 2010
January 20, 2002 - January 19, 2006
January 20, 1998 - January 19, 2002
December 26, 1993 - December 25, 1997
December 26, 1989 - December 25, 1993

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of the State of Arizona. Done at Phoenix, the capital, on this day, April 30, 2010.

Ken Bennett
Secretary of State

# EXHIBIT 6




**KEN BENNETT**
SECRETARY OF STATE
STATE OF ARIZONA

May 3, 2010

Dear Mr. Earl:

Below, please find the information you requested seeking certification of the places of employment that the two notaries in question provided on their applications to become notaries public. This information is also available on the Secretary of State's website at: http://www.azsos.gov/scripts/Notary_Search.dll

Notary Jennifer Hamlin
Commission Number 69558
Tiffany and Bosco PA
2525 E CAMELBACK RD STE 300
Phoenix, AZ 85016

Notary Ann Armstrong
Commission Number 257458
Tiffany and Bosco
2525 E. CAMELBACK RD. #300
Phoenix, AZ 85016

While the Secretary of State cannot verify that the above listed employment information is current or accurate, this is the information reflected in our database that the notaries provided to our office.

Sincerely,

Holly Textor
Notary Unit Supervisor
602-542-4758

1700 W. Washington Street, 7th Floor
Phoenix, Arizona 85007-2888
Telephone (602) 542-4285 Fax (602) 542-1575
www.azsos.gov

**EXHIBIT 7**

# ARIZONA
## Department of State



UNITED STATES OF AMERICA

STATE OF ARIZONA

I, KEN BENNETT, Arizona Secretary of State, do hereby certify that a digital search of the notary database, on April 30, 2010, reveals that ANN ARMSTRONG, was commissioned as an Arizona Notary Public for the following terms in the County of MARICOPA, State of Arizona.

Commission Term(s):
January 16, 2010 - January 15, 2014
January 16, 2006 - January 15, 2010

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of the State of Arizona. Done at Phoenix, the capital, on this day, April 30, 2010.



Ken Bennett
Secretary of State



**KEN BENNETT**
SECRETARY OF STATE
STATE OF ARIZONA



May 3, 2010

Dear Mr. Earl:

Below, please find the information you requested seeking certification of the places of employment that the two notaries in question provided on their applications to become notaries public. This information is also available on the Secretary of State's website at: http://www.azsos.gov/scripts/Notary_Search.dll

Notary Jennifer Hamlin
Commission Number 69558
Tiffany and Bosco PA
2525 E CAMELBACK RD STE 300
Phoenix, AZ 85016

Notary Ann Armstrong
Commission Number 257458
Tiffany and Bosco
2525 E. CAMELBACK RD. #300
Phoenix, AZ 85016

While the Secretary of State cannot verify that the above listed employment information is current or accurate, this is the information reflected in our database that the notaries provided to our office.

Sincerely,

Holly Tektor
Notary Unit Supervisor
602-542-4758

1700 W. Washington Street, 7th Floor
Phoenix, Arizona 85007-2888
Telephone (602) 542-4285 Fax (602) 542-1575
www.azsos.gov

# EXHIBIT 8

WHEN RECORDED MAIL TO:

**Tiffany & Bosco, P.A.**
Michael A. Bosco, Jr.
2525 E. Camelback Rd. Ste. 300
Phoenix, AZ 85016
        Great American Title Agency

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20090041299  01/16/2009  04:11
ELECTRONIC RECORDING

2900234-1-3-2--
Esquivela

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SUBSTITUTION OF TRUSTEE
### 09-40173 Earl

WHEREAS, **Rachael A. Earl, a married woman as her sole and separate property** was the original Trustor(s), **Arizona Title Agency, Inc.** was the original Trustee and **Mortgage Electronic Registration Systems, Inc.** was the original Beneficiary under that certain Deed of Trust dated **04/12/07** and recorded on **04/17/07** as Recording No./Book-Page 2007-0446763, of Official Records of Maricopa County, State of Arizona and described as:

Lot 196, AGRITOPIA, PHASE 2A, according to Book 691 of Maps, Page 4, and Affidavit of Correction recorded as 2004-1145385, records of Maricopa County, Arizona.

WHEREAS, the undersigned present beneficiary under the said Deed of Trust hereby appoints **Michael A. Bosco, Jr., whose address is 2525 East Camelback Road, Suite 300, Phoenix, Arizona 85016, as Successor Trustee** under said Deed of Trust, and is qualified to act as Successor Trustee per ARS Section 33-803 (A)2, as a member of the Arizona State Bar.

U.S. Bank National Association, as Trustee for GSAA 2007-9 by its Attorney in fact Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage Inc.

By : Mark S. Bosco, Attorney at Law
     By Limited Power of Attorney

State of Arizona)

County of Maricopa)

This instrument was acknowledged on January 15, 2009, before me the undersigned, Notary Public, by Mark S. Bosco, Attorney at Law by Limited Power of Attorney for the above corporation and that he executed the within instrument in behalf of said corporation as Beneficiary and being authorized so to executed.

OFFICIAL SEAL
ANN ARMSTRONG
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires Jan. 15, 2010

Notary Public                          Exp. date

# EXHIBIT S

COPY

**TIFFANY & BOSCO**
——— **P.A.** ———

2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Plaintiff

10-01475

## IN THE SUPERIOR COURT OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| U.S. Bank National Association, as Trustee for GSAA 2007-9 by its Attorney in fact Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage Inc. | Case No. CV2010-006146 |
| Plaintiff, | AMENDED ORDER |
| vs. | Forcible Detainer after Trustee's Sale pursuant to A.R.S. {12-1173.01,et seq.} |
| Rachael Earl, JOHN DOE OCCUPANT 1-5 AND JANE DOE OCCUPANT 1-5, | |
| Defendant | |

On this day came on for consideration Plaintiff's Motion to Correct Clerical Mistake relating to the August 19, 2010 judgment previously entered in this action. Good cause appearing, it is ordered that the August 19, 2010 judgment is amended as set forth herein to correct the clerical error regarding the property address.

U.S. Bank National Association, as Trustee for GSAA 2007-9 by its Attorney in fact Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage Inc. vs. Earl
Case No.:     CV2010-006146
Page Two

IT IS ORDERED, that each Defendant's right to possession of the property located at 1311 South Claiborne Avenue, Gilbert, AZ 85296, is terminated and Plaintiff is entitled to immediate possession of the property and all fixtures, permanent improvements and appurtenances located thereon.

IT IS FURTHER ORDERED that Defendant shall immediately surrender possession of the property to Plaintiff and, if possession is not surrendered to Plaintiff on or before August 24, 2010, the Clerk of the Court shall issue on or after August 25, 2010 a Writ of Restitution to the Sheriff of Maricopa County commanding him to forcibly remove Defendant and anyone holding and claiming a right to possession under them and restore possession of the property to Plaintiff.

IT IS FURTHER ORDERED that any hearings scheduled in this matter are hereby vacated.

IT IS FURTHER ORDERED dismissing the fictional defendants named in the Complaint.

DONE IN OPEN COURT this _23_ day of _November_, 2010.

                                    COMMISSIONER MICHAEL BARTH

                                    _____
                                    Commissioner of the Superior Court