Steven D. Jerome (#018420)
Gregory J. Marshall (#019886)
Andrew Hardenbrook (#025518)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Email: sjerome@swlaw.com
  gmarshall@swlaw.com
  ahardenbrook@swlaw.com
Attorneys for Defendants U.S. Bank National
Association, as Trustee for GSAA 2007-9, and
Wells Fargo Bank, N.A.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>RACHAEL EARL,<br><br>Debtor. | Proceedings Under Chapter 13<br><br>Case No. 2:10-bk-27333-SSC<br><br>Adversary No. 2:10-ap-02243-SSC |
| RACHAEL EARL, an individual<br><br>Plaintiff,<br><br>v.<br><br>US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR GSAA 2007-9 BY ITS ATTORNEY IN FACT WELLS FARGO BANK N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE INC.; DOES 1-10,000<br><br>Defendants. | **REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date: March 9, 2011<br>Hearing Time: 10:00 a.m.<br>Hearing Location: 230 N First Avenue<br>  Courtroom 701<br>  Phoenix, AZ 86701<br><br>Relates to D.E. Nos. 5, 12 |

Defendants U.S. Bank National Association, as Trustee for GSAA 2007 ("US Bank"), and Wells Fargo Bank, N.A. ("Wells Fargo") hereby submit their reply in support of their Motion to Dismiss Plaintiff's Complaint for failure to state claims for which relief may be granted ("Motion") [Adv. Dkt. # 5].

///

12652247

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Complaint asserts claims for 1) alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 *et seq*., pertaining to Qualified Written Requests for information ("QWR") (First Cause of Action); 2) Injunctive Relief (Second Cause of Action), which is a remedy; not a claim, prohibiting Defendants from "taking any and all action to evict" her and compelling Defendants "to provide the information requested in the QWR and § 2943." [See Adv. Dkt. # 1, p. 18 (Wherefore ¶ 4)]; 3) Quiet Title (Third Cause of Action) with respect to the Property that was sold on January 14, 2010 at a duly noticed Trustee's Sale; and 4) an accounting for "money still owed" to Defendants "or anyone else claiming an interest in the loan" [Adv. Dkt. # 1 ¶ 85] (Fourth Cause of Action) even though no deficiency claim has been filed or asserted against Plaintiff by these Defendants or "anyone else."

Finally, although not set forth as a separate claim, the Complaint appears to assert TILA violations. For example, Plaintiff contends that "Defendants violated TILA during the closing phase of the Subject Loan [because] they failed to provide Plaintiff with the necessary TILA disclosures prior to the closing of the loan." [Adv. Dkt. # 1 ¶ 21] In her Response (at p. 7), Plaintiff now argues that her TILA claim is based on unspecified "[m]ortgage transfer disclosures" required by 12 CFR § 226.39 arising from Defendants' alleged failure to disclose "vital information regarding securitization of Plaintiff's loan" such as "the parties involved in the securitization process into the Special Purpose Vehicle and vital details regarding the securitization."

As is demonstrated in the Motion and below, Plaintiff's Complaint fails to state claims for which relief may be granted, thus compelling its dismissal with prejudice.

## II. ARGUMENT

### A. <u>Plaintiff's RESPA Claim Should be Dismissed with Prejudice</u>

Plaintiff alleges that she sent a QWR to Wells Fargo on August 4, 2009. [Adv. Dkt. # 1 ¶ 11] Defendants argued in the Motion that the RESPA claim should be dismissed because Plaintiff failed to attach a copy of the claimed QWR to the Complaint, thus making it impossible

for the Court to determine if the claimed "request" did, in fact, constitute a QWR as defined by statute. In an attempt to unilaterally grant herself leave to amend the Complaint without actually filing an amended complaint or seeking leave of this Court,[1] Plaintiff attaches a copy of the claimed QWR to her Response as Exhibit A. Even if this Court were to allow Plaintiff's procedural self-help, on its face, the letter substantially fails to comply with RESPA's statutory requirements.[2] First, a QWR must relate to the servicing of the loan. See 12 U.S.C. § 2605(e)(1)(A). Servicing includes "any scheduled periodic payments from a borrower" or the "making of . . . payments of principal and interest . . . ." 12 U.S.C. § 12 U.S.C. § 2605(i)(3). Moreover, the communication must include a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or must provide sufficient detail to the servicer regarding other information sought by the borrower. 12 U.S.C. § 2605(e)(1)(B).

Here, Plaintiff's communication requests: 1) the current interest rate of the loan; 2) the date Wells Fargo began servicing the loan; 3) the previous servicer; 4) a breakdown of escrow charges over the preceding 24 months showing how the escrow charges are calculated and the reasons for any increases; 5) a "statement indicating which covenants of the mortgage and/or note authorize each charge;" 6) a copy of "all trust agreements pertaining to this account;" 7) if the loan is registered with MERS, the MIN number; 8) a copy of "all manuals pertaining to the servicing of this account;" 9) "the total amount of principal paid on the account up to the date of this letter;" 10) the "payment dates, purposes of payment, and recipient of any and all foreclosure fees and costs that have been charged to my account." [See Response, Ex. A] **Nowhere in the alleged communication does Plaintiff state that her account information is in error**.

---

[1] Federal Rule of Bankruptcy Procedure 7015 provides, in relevant part, that a party may amend its pleading, if the pleading is one to which a responsive pleading is required, once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion for Rule 12(b), (e) or (f), whichever is earlier. Defendants filed their Motion to Dismiss on January 28, 2011, and Plaintiff did not file an amended complaint within 21 days after service of that Motion.

[2] While this Court must, for purposes of a motion to dismiss, accept as true all well-pleaded factual allegations of a Complaint, if Plaintiff's RESPA claim survives, there will be a factual issue as to whether Plaintiff in fact transmitted the claimed QWR to Wells Fargo. Based on its investigation to date, Wells Fargo can find no record of having received the August 4, 2009 communication attached as Exhibit A to the Response.

12652247

3

Moreover, the vast majority of the information sought by Plaintiff falls well outside the limited scope required by 12 USC § 2605(e)(1)(B).

Even if some of the information sought by the communication constitutes a QWR (*e.g.*, the current interest rate of the loan), Plaintiff's claim still fails as a matter of law because **<u>Plaintiff has failed to allege actual damages resulting from a violation of 12 U.S.C. § 2605</u>**. That defect is fatal. *See* 12 U.S.C. § 2605(f)(1)(A) (providing a remedy for "actual damages to the borrower *as a result of the [servicer's] failure*") (emphasis added); *Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) (dismissing complaint because plaintiff offers only conclusory statement that "damages consist of the loss of plaintiff's home together with his attorney fees."); *Collier v. Wells Fargo Home Mortg.*, 2006 WL 1464170 at *3 (N.D. Tex. 2006); *Hepler v. Washington Mut. Bank, F.A.*, 2009 WL 1045470 at *4-5 (C.D. Cal. 2009); *Spencer v. Hutchens,* 471 F. Supp. 2d 548, 554 (M.D.N.C. 2006).

As currently pleaded, Plaintiff alleges that "[a]s a direct and proximate result of Defendant Wells' failure to comply with RESPA, as set forth herein, Plaintiff has suffered and continues to suffer damages and costs of suit." [Adv. Dkt. # 1 ¶ 76] Plaintiff's allegation lacks requisite specificity. Plaintiff fails to allege **<u>how</u>** she was damaged by Wells Fargo's alleged failures or how those failures proximately caused her harm. Plaintiff "**<u>admits</u>** that she failed to provide an allegation of actual damages in her Complaint" [Response, p. 6 (emphasis added)], but argues that she should be permitted to cure her pleading defect by amendment. However, Plaintiff must first seek leave to amend and demonstrate, among other things, that these proposed amendments would satisfy federal pleading standards. *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

Having failed to state a claim, and having failed to demonstrate that any proposed amended pleading would satisfy *Twombly's* pleadings requirements, Plaintiff's RESPA claim should be dismissed with prejudice.

12652247

4

**B. Plaintiff's Quiet Title Claim Fails to State a Claim for Relief**

  **1. Plaintiff's Allegations of Breach Are Not Plausible and Are Contradicted by the Deed of Trust Pursuant to Which Her Claim Purportedly Arises.**

Plaintiff's Complaint seeks to "quiet title against the claims of Defendants and all persons unknown, claiming any legal or equitable title, estate, lien or interest in the [Property]." [Adv. Dkt. # 1 ¶ 82] Plaintiff contends that "Defendants [*sic*] claims to any interest in the subject property are without any right, and Defendants have no right, title, estate, lien or interest in the Subject Property . . . ." [*Id.* ¶ 83] Plaintiff's Response makes clear that she is **not alleging** that she was not given a notice of default as required by the Deed of Trust. Indeed, Plaintiff could not in good faith make that allegation. As Exhibit T[3] hereto demonstrates, Wells Fargo, as servicer for the loan, notified Plaintiff of her default by letter dated November 16, 2008. Instead, Plaintiff argues that the notice of default was legally ineffective because US Bank was not "named" as the lender until January 15, 2009, the date the corporate assignment was publicly recorded. [See Response, pp. 4-5] Plaintiff's argument fails as a matter of law.

Paragraph 20 of the Deed of Trust, a copy of which is attached as Exhibit B to the Motion, makes clear that the Note and Deed of Trust "can be sold one or more times without prior notice to Borrower." That same paragraph also makes clear that a "Loan Servicer" may perform mortgage loan servicing obligations under the Note, Deed of Trust and applicable law. Plaintiff concedes that Wells Fargo was the loan servicer as of June 2007. [Adv. Dkt. # 1 ¶¶ 31-32] As such, it had the authority to notify Plaintiff of her default on the lender's behalf. Accordingly, there is no plausible factual basis for Plaintiff to allege that the notice of default was somehow legally ineffective or that US Bank, as successor lender, was not entitled to pursue its rights – including a trustee's sale – pursuant to the Deed of Trust and Arizona law.

  **2. Plaintiff's "Show Me the Note" Argument Has Been Consistently Rejected by Courts in this District.**

In addition, Plaintiff futilely argues (at p. 5) that "the heart" of her claim is that US Bank lacked the legal capacity to initiate the trustee' sale because it was not the beneficiary under the

---

[3] Defendants' Exhibits A through S are attached to the Motion.

12652247

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

deed of trust and the sale-related documents were "fraudulent." *See* Adv. Dkt, # 1 ¶¶ 57-60: "Defendants were not in possession of the Note and they were neither holders of the Note or non-holders of the Note entitled to payment, and therefore they have foreclosed without rights under the law" or that recorded Deed of Trust Assignment "was a forgery and fraudulently made . . . ." Not only do the conclusory allegations run afoul of settled law in this district rejecting the "show me the note" argument,[4] they lack the specificity required by *Twombly*.

Thus, as a matter of law, the conclusory factual premise of Plaintiff's quiet title claim fails to state a claim for which relief may be granted and should be dismissed with prejudice.

### 3. Plaintiff's Claim is Barred by A.R.S. §§ 33-811(C) & (E)[5]

Plaintiff's quiet title claim also should be dismissed with prejudice because, as argued in the Motion, it is barred by A.R.S. § 33-811(C). The plain language of A.R.S. § 33-811(C) bars Plaintiff's quiet title claim. A.R.S. § 33-811(C) provides: "The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to section 33-809 *shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona Rules of Civil Procedure*, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale. A copy of the order, the application for the order and the complaint shall be delivered to the trustee within twenty-four hours after entering the order." (Emphasis

---

[4] Courts in this district have consistently rejected the "show me the note" argument relied on Plaintiff. *See, e.g., Goodyke v. BNC Mortgage, Inc.*, 2009 WL 2971086, at *2 (D. Ariz. Sept. 11 2009) ("Because Plaintiff's action involves the nonjudicial foreclosure of a real estate mortgage under Arizona statutes that do not require presentation of the original note before commencing foreclosure proceedings, Count Two fails to state a claim upon which relief may be granted."); *Deissner v. Mortgage Elec. Reg. Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) ("Arizona's non-judicial foreclosure statute does not require presentation of the original note before foreclosure proceedings."); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) ("[C]ourts have routinely held that Plaintiff's 'show me the note' argument lacks merit."). *See also Contreras v. U.S. Bank as Trustee for CSMC Mortgage Backed Pass Through Certificate Series 2006-5*, 2009 WL 4827016 (D. Ariz. Dec. 15, 2009) (finding it unnecessary to "decide whether the Note is an 'instrument' under A.R.S. § 47-3104(A)" or "whether Defendants satisfy the qualifications of a 'person entitled to enforce' an instrument under A.R.S. § 47-3301" "because the Trustee sale that Plaintiffs seek to have declared void was conducted pursuant to the Trustee's power of sale, not as an action to enforce the Note").

[5] Because the foregoing arguments in this section alone warrant dismissal of Plaintiff's quiet title claim with prejudice, the Court need not consider Defendants' A.R.S. § 33-811(C) argument or attempt to resolve the claimed "conflict" among courts of this district interpreting the preclusive effect of A.R.S. § 33-811(C), leaving that issue for the state courts.

12652247

6

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

added).  There is no dispute that the Trustee's Sale took place on January 14, 2010.  There is no dispute that Plaintiff failed to obtain an order pursuant to Ariz. R. Civ. P. 65 *before* the Trustee's Sale took place.  And, there is no dispute that a Trustee's Deed was recorded on January 15, 2010, in which the Substitute Trustee granted the Property to US Bank.  [*See* Motion, Ex. F]  As such, Plaintiff has waived all defenses to the sale under § 33-811(C).

While Plaintiff relies upon *Martenson v. RG Financing*, No. CV09-1314-PHX, 2010 U.S. Dist. LEXIS 11921 (D. Ariz., Jan. 22, 2010) to attempt to create an "exception" to the plain language of A.R.S. § 33-811(C), *Martenson* is neither applicable nor controlling.  In *Martenson*, the plaintiff moved for an emergency preliminary injunction to stay an eviction.  Without making a "definitive construction of § 33-811(C)," the court determined that plaintiff had demonstrated a likelihood of success on a claim for wrongful foreclosure/breach of contract because the notices did not comply with the deed of trust.  *Id.* * 24.  This simply is not the case here.

In this case, Plaintiff in essence makes two arguments in support of her quiet title claim: (i) the notice of default was somehow legally ineffective,[6] and (ii) Plaintiff's show me the note arguments.[7]  With respect to the alleged notice issues, unlike in *Martenson*, Plaintiff is **not alleging** that she was not given a notice of default as required by the Deed of Trust, and nor could she make that allegation in good faith.  *See* Exhibit T.  Instead, Plaintiff argues that the notice of default was legally ineffective because US Bank was not "named" as the lender until January 15, 2009.  As set forth above and incorporated herein by reference, this argument fails as a matter of law because the Deed of Trust expressly permits the "Loan Servicer" to perform mortgage loan servicing obligations under the Note, Deed of Trust and applicable law.  As such, the notice and cure requirements at issue in *Martenson* are not applicable.

With respect to Plaintiff's show me the note arguments, even after *Martenson*, courts routinely have determined that such claims are barred by A.R.S. § 33-811(C).  *See Leon v. Recontrust Co.*, No. CV 10-8132, 2010 U.S. Dist. LEXIS 87324, at *2-5 (D. Ariz., Aug. 3, 2010) (stating that plaintiff's TILA, RESP, mortgage fraud, fraudulent misrepresentations and breach of

---

[6] *See supra* § II(B)(1).
[7] *See supra* § II(B)(2).

12652247

7

fiduciary duty claims would all fall with § 33-811(C)); *Kibodeaux v.Wells Fargo Bank, N.A.*, No. CV 10-956-PHX, 2010 U.S. Dist. LEXIS 87329, at *9-10 (D. Ariz., Aug. 2, 2010) (stating that plaintiff's arguments that defendants lacked authority to conduct foreclosure sale were unavailing because plaintiff failed to obtain a preliminary injunction); *Spielman v. Katz*, No. CV 10-0184-PHX, 2010 U.S. Dist. LEXIS 110033 (D. Ariz., Oct. 14, 2010). Accordingly, Plaintiff's quiet title claim is still barred by A.R.S. § 33-811(C) even under *Martenson*.

Finally, even if the Court determines *Martenson* is applicable (which Defendants dispute), *Martenson* is not controlling. *Martenson* is an unpublished decision that, on its face, does set out a "definitive construction of § 33-811(C)." *Id.* * 24. As set forth above, the plain language of A.R.S. § 33-811(C) provides for a waiver of "all defenses and objections to the sale." *Mejak v. Granville*, 212 Ariz. 555, 557 ¶ 8, 136 P.3d 874, 876 (2006) ("When interpreting a statute, we make every effort to give effect to the intent of the legislature. . . . When the language of the statute is clear and unambiguous, this Court need go no further to ascertain the legislative intent."). To permit Plaintiff to set aside the January 14, 2010 sale more than a year after it concluded would effectively render § 33-811(C) void. *Id.* at 557 ¶ 9, 136 P.3d at 876 ("We must interpret the statute so that no provision is rendered meaningless, insignificant, or void."). Plaintiff's argument would also contravene the purpose of the statutes governing deeds of trust and trustee's sale to provide for relatively inexpensive and speedy foreclosure proceedings. *Andreola v. Ariz. Bank*, 26 Ariz. App. 556, 559, 550 P.2d 110, 113 (App. 1976) ("A major purpose of the Deed of Trust Act was to provide relatively inexpensive and speedy foreclosure proceedings."). While *Martenson* argues that § 33-811(C) would overturn the express holding of *Schaeffer v. Chapman*, 176 Ariz. 326, 329, 891 P.2d 611, 614 (1993), *Schaeffer* was decided almost nine years before the 2002 amendments to § 33-811(C). Because the legislature is presumed to be aware of the existing law and of courts decisions interpreting a statute, the legislature also is presumed to intend to change that law when it changes a statute's language. *Daou v. Harris*, 139 Ariz. 353, 357, 678 P.2d 934, 392 (1984). Since the legislature did not provide an exception in A.R.S. § 33-811(C) for failures to strictly comply with the notice

8

12652247

Case 2:10-ap-02243-SSC   Doc 13   Filed 03/04/11   Entered 03/04/11 18:13:40   Desc
Main Document    Page 8 of 12

requirements of a deed of trust, no such exceptions should be read into the statute. Accordingly, A.R.S. § 33-811(C) bars Plaintiff's quiet title claim.

### B. Plaintiff's Accounting Claim Lacks a Predicate Supporting Claim and is an Improper Request for an Advisory Opinion

Plaintiff argues in her Response (at p. 7) that her accounting claim is "derivative" of her quiet title claim because she is entitled to "an accounting to determine who has the beneficial interest in the subject property." Because Plaintiff's quiet title claim fails as a matter of law, her "accounting" claim necessarily fails as well. *County of Santa Clara v. Astra U.S., Inc.*, 428 F. Supp. 2d 1029, 1037 (N.D. Cal. 2006) ("[a] right to an accounting is derivative; it must be based on other claims.") (quoting *Janis v. Cal State Lottery Comm'n*, 68 Cal. App. 4th 824, 833, 80 Cal. Rptr. 2d 549 (1998)). Moreover, Plaintiff fails to explain why she is entitled to know who, if anyone, now has beneficial interest in the property, more than a year after the trustee's sale of her Property. Accordingly, Plaintiff's accounting claim fails as a matter of law and should be dismissed with prejudice.

### C. Plaintiff's TILA Claim Fails As a Matter of Law

#### 1. The TILA Claim Alleged in the Complaint is Time-Barred

Plaintiff alleges in her Complaint that "Defendants violated TILA during the closing phase of the Subject Loan. Specifically, they failed to provide Plaintiff with the necessary TILA disclosures prior to the closing date of the loan." [Adv. Dkt. # 1 ¶ 21] Plaintiff does not refute the authorities cited by Defendants establishing that her TILA claims – even if plausibly alleged – are statutorily barred. [See Motion, p. 14] Instead, Plaintiff argues that her TILA claims should be equitably tolled because she "only became aware of the violations of TILA as she discovered that the Defendants securitized the subject loan through a securitization forensic audit done on Plaintiff's loan on September 14, 2010." [Response, p. 7] However, Plaintiff fails to allege in her Complaint (or Response) any plausible facts, which if proven true, could show that the information revealing her claim was concealed through fraud and that the fraud made Plaintiff's compliance within the statutory timelines impossible. *See, e.g., King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986) (noting that the statute of limitations under Section 1640(e) may be

12652247

9

Case 2:10-ap-02243-SSC    Doc 13    Filed 03/04/11    Entered 03/04/11 18:13:40    Desc
Main Document    Page 9 of 12

extended if the district court finds "specific claims of fraudulent concealment" that would justify an extension); *Cervantes v. Countrywide Home Loans, Inc*., 2009 WL 3157160, at *4 (D. Ariz. 2009) (conclusory allegations of fraudulent concealment insufficient to support equitable tolling of TILA claim). *See also* Fed.R.Civ.P. 9(b) ("In alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . .").

Nor does Plaintiff contest that her rescissionary remedies are barred as argued by Defendants in the Motion at 14-15. Accordingly, Plaintiff's TILA claims alleged in the Complaint should be dismissed with prejudice.

### 2. The Newly Argued Claim Based on 12 CFR 226.39 Fails as a Matter of Law

Plaintiff now contends (at p. 7) that her claimed TILA violations arise from "[m]ortgage transfer disclosures" required by 12 CFR § 226.39 by failing to disclose "vital information regarding securitization of Plaintiff's loan" such as "the parties involved in the securitization process into the Special Purpose Vehicle and vital details regarding the securitization." Nothing in the Complaint alleges that Defendants violated 12 CFR 226.39. Even if Plaintiff were to seek leave to amend the Complaint to assert such a claim, amendment would be futile because 12 CFR § 226.39 is a recently adopted rule that became effective **January 1, 2011**[8], nearly a year after Plaintiff's property was sold at trustee's sale. A copy of the regulation with history and notes is attached hereto as Exhibit U. In any event, nothing in the rule requires a lender to identify "the parties involved in the securitization process" or "details regarding the securitization." *Id*. And, while 15 U.S.C. § 1641(g), the statutory provision pursuant to which 12 CFR 226.39 was promulgated, became effective immediately upon enactment on May 20, 2009 as Section 404(a) of the Helping Families Save Their Homes Act,[9] Plaintiff concedes that that US Bank was "named" as lender by virtue of the Corporate Assignment effective December 8, 2008 and recorded January 16, 2009, months before the statute's enactment. [See Response, p. 5; Motion, Ex. C] Plaintiff does not allege that US Bank subsequently sold or transferred the note after the

---

[8] As the legislative history reveals, the final rule was published September 24, 2010 and became effective on January 1, 2011. See LEXIS 75 FR 58489, at *1. Compliance with the rule was mandatory as of January 1, 2011. *Id*.

[9] *See* LEXIS 74 FR 60143, at *1.

effective date of the statute. Accordingly, Plaintiff does not, and cannot, state a claim for which relief may be granted for alleged violations of 12 CFR 226.39.

### D. <u>Plaintiff Is Collateraly Estopped From Claiming Any Right to Possession or Occupancy of the Property</u>

Following stay relief in the First Bankruptcy Case and a trial on the merits in the FED Action, the Court in the FED Action entered a final appealable order against Plaintiff on August 19, 2010. As demonstrated in the Motion, all the requirements of collateral estoppel have been satisfied. [Motion, pp. 15-16] Plaintiff therefore is collaterally estopped from re-litigating that issue here. *See Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001); *Irby Const. Co. v. Ariz. Dep't of Revenue*, 184 Ariz. 105, 107, 907 P.2d 74, 76 (App. 1995). And, this Court lacks authority to overrule the judgment in the FED Action under the *Rooker-Feldman* doctrine. *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613-14 (9th Cir. 2007).

Nevertheless, Plaintiff makes conclusory assertions that the collateral estoppel doctrine does not apply here because the Trustee's Deed was somehow the product of unspecified "extrinsic fraud" based on Plaintiff's belief that "Defendants were secretly working against Plaintiff's interests in her loan and illegally foreclosed on Plaintiff's property." [Response, pp. 8-9] These assertions lack any plausible factual or legal basis and do not rise to the level of extrinsic fraud. Extrinsic fraud requires demonstration that "by fraud or deception practiced on the unsuccessful party, [a party] has been prevented from fully exhibiting and trying his case . . . ." *Dockery v. Central Ariz. Light & Power Co.*, 45 Ariz. 434, 451-52, 45 P.2d 656, 663 (1935) (citations omitted); *Honk v. Karlsson*, 80 Ariz. 30, 34, 292 P.2d 455, 458 (1956) ("'Extrinsic fraud' may consist in deception practiced by the successful party in purposely keeping his opponent in ignorance of the proceedings so that an appearance will not be made in court."). Plaintiff had a full and fair opportunity to participate in the FED Action, and she, in fact, did participate in the FED Action where she was represented by counsel. [Motion, pp. 7-8] Plaintiff's assertions do not dispute this fact, and she therefore fails to demonstrate any basis to ignore the preclusive effect of the eviction judgment.

12652247

11

**III. CONCLUSION.**

Based on the foregoing, Defendant's Motion to Dismiss should be granted in its entirety.

Dated this 4th day of March, 2011.

                         SNELL & WILMER L.L.P.

By: /s/ AVH (025518)
    Steven D. Jerome
    Gregory J. Marshall
    Andrew V. Hardenbrook
    Attorneys for Defendants U.S. Bank National Association, as Trustee for GSAA 2007-9, and Wells Fargo Bank, N.A.

COPY of the foregoing served by electronic notification or U.S. Mail on 4th day of March, 2011, to:

Kevin Lee Jensen
Law Offices of Kevin Lee Jensen PLLC
3740 E. Southern Avenue, Suite 210
Mesa, AZ 85206
Email: Kevin@jensenlawaz.com

Office of the U.S. Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003
Email: ustpregion14.px.ecf@usdoj.gov

/s/ Nicole Powell

12652247