Steven D. Jerome (#018420)
Andrew Hardenbrook (#025518)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Email: sjerome@swlaw.com
       ahardenbrook@swlaw.com
Attorneys for Defendants U.S. Bank National
Association, as Trustee for GSAA 2007-9,
and Wells Fargo Bank, N.A.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>RACHAEL EARL,<br><br>    Debtor. | Proceedings Under Chapter 13<br><br>Case No. 2:10-bk-27333-SSC<br><br>Adversary No. 2:10-ap-02243-SSC |
| RACHAEL EARL, an individual<br><br>    Plaintiff,<br><br>v.<br><br>US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR GSAA 2007-9 BY ITS ATTORNEY IN FACT WELLS FARGO BANK N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE INC.; DOES 1-10,000<br><br>    Defendants. | **OPPOSITION TO PLAINTIFFS' MOTION FOR REHEARING**<br><br><br>[Relates to D.E. No. 15] |

Defendants U.S. Bank National Association, as Trustee for GSAA 2007 ("US Bank"), and Wells Fargo Bank, N.A. ("Wells Fargo"), hereby file this opposition to *Plaintiff's Motion for Rehearing* (the "Motion for Rehearing," D.E. No. 15). More than a month and a half after oral argument on Defendants' Motion to Dismiss, Plaintiff Rachel Earl ("Plaintiff") now requests that the Court set a rehearing on the Motion to Dismiss or, alternatively, allow Plaintiff to file a written response to Defendants' reply and oral argument. Plaintiff provides no explanation for her excessive delay in filing the Motion for Rehearing. The Motion to Dismiss has been pending

13024448

since January 28, 2011, it has been fully briefed since March 4, 2011, and oral argument was held on March 9, 2011. Defendants therefore respectfully request that the Court deny the Motion for Rehearing and proceed with ruling on the Motion to Dismiss without additional argument or briefing.

1. On January 28, 2011, Defendants filed their Motion to Dismiss the Complaint with prejudice. (D.E. No. 5) As set forth in the Motion to Dismiss, this adversary proceeding is part of an onslaught of litigation and bankruptcy filings dating back to at least February 2010 in which Plaintiff has asserted legally and factually unsupported claims.

2. On January 31, 2011, Defendants obtained a hearing on the Motion to Dismiss for March 9, 2011 at 10:00 a.m. and served a Notice of Hearing on Plaintiff. (D.E. No. 9, 10.)

3. On February 18, 2011, Plaintiff filed her response to the Motion to Dismiss, (D.E. No. 12), and Defendants timely filed their reply on March 4, 2011. (D.E. No. 13).

4. On March 8, 2011, the Court issued a minute entry in Plaintiff's administrative proceeding in connection with the motion for stay relief filed by US Bank (the "US Bank Motion for Stay Relief," Bk. D.E. No. 9). In the March 8th Minute Entry, the Court vacating the hearing on the US Bank Motion for Stay Relief previously scheduled for March 9, 2011 at 1:30 p.m. The March 8th Minute Entry was not filed in the adversary proceeding and did not mention the hearing on the Motion to Dismiss.

5. On March 9, 2011, counsel for Defendants appeared at the hearing on the Motion to Dismiss and argued in support of their Motion to Dismiss. No appearances were made on behalf of Plaintiff.

6. The Court subsequently issued a minute entry dated March 9, 2011 reflecting the appearances and events at the hearing.

7. On March 9, 2011, Plaintiff's counsel appeared at the March 9th hearing at 1:30 p.m. in the administrative proceeding on a motion for stay relief filed by Lund Cadillac (the "Lund Cadillac Motion for Stay Relief"). (Bk. D.E. No. 74.)

8. On April 28, 2011, more than a month and a half after the March 9th hearing on the Motion to Dismiss, Plaintiff filed her Motion for Rehearing, requesting that the Court set

13024448

- 2 -

1  another hearing on the Motion to Dismiss or, alternatively, allow Plaintiff to file a written
2  response to Defendants' reply and oral argument.

3        9.     While Plaintiff's counsel attempts to explain his reason for failing to appear at the Motion to Dismiss as a clerical error in which his office inadvertently vacated the wrong hearing, no explanation is provided as to why Plaintiff's counsel waited more than a month and a half to file the Motion for Rehearing.

      10.     In fact, Plaintiff's counsel should have immediately become aware of his error following the March 9th hearing and taken action. First, upon information and belief, counsel for US Bank in the administrative proceedings spoke with Plaintiff's counsel on March 9, 2011 and informed Plaintiff's counsel that the hearing on the Motion to Dismiss had not been vacated.

      11.     Additionally, Plaintiff's counsel appeared at the March 9th hearing on the Lund Cadillac Motion for Stay Relief. Because the hearing on the US Bank Motion for Stay Relief was not called on at that time, it should have been apparent to Plaintiff's counsel that the Court vacated the hearing on the US Bank Motion for Stay Relief, not the Motion to Dismiss.

      12.     Finally, on March 14, 2011, the Court issued a minute entry reflecting that the hearing on the Motion to Dismiss went forward and only Defendants made an appearance at that hearing. As such, Plaintiff's counsel should have become aware of his office's error by no later than March 14, 2011.

      13.     Had Plaintiff filed her Motion for Rehearing immediately following the March 9th hearing, Defendants would have been more inclined to permit the relief requested therein. As it stands, Plaintiff unreasonably delayed more than a month and a half to file her Motion for Rehearing, and such a delay should not be countenanced. Thus, the Court should deny the Motion for Rehearing.

      WHEREFORE, in light of the foregoing, Defendants request that the Court deny the Motion for Rehearing and proceed with ruling on the Motion to Dismiss without additional argument or briefing.

13024448

- 3 -

DATED this 11th day of May, 2011.

SNELL & WILMER L.L.P.

By: /s/ AVH (025518)
Steven D. Jerome
Andrew Hardenbrook
Attorneys for Defendants U.S. Bank National
Association, as Trustee for GSAA 2007-9,
and Wells Fargo Bank, N.A.

COPY of the foregoing served by
electronic notification or U.S. Mail on
May 11, 2011, to:

Kevin Lee Jensen, Esq.
Law Offices of Kevin Lee Jensen PLLC
3740 E. Southern Avenue, Suite 210
Mesa, AZ 85206
Email: Kevin@jensenlawaz.com

/s/ Jennette Golder