**LAW OFFICES OF KEVIN JENSEN, PLLC**
ATTORNEYS and COUNSELORS at LAW
3740 EAST SOUTHERN AVENUE
SUITE 210
MESA, ARIZONA 85206
TELEPHONE (480) 632-7373
FACSIMILE (480) 632-8383

Kevin Jensen, State Bar No. 021524

*Attorneys for Plaintiffs*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>RACHAEL EARL,<br><br>                Debtor<br><br><br>RACHAEL EARL, an individual,<br><br>                Plaintiff,<br><br>vs.<br><br>US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR GSAA 2007-9 BY ITS ATTORNEY IN FACT WELLS FARGO BANK N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE INC., MICHAEL A. BOSCO, JR. AS TRUSTEE, PAULA GRUNTMEIR, MARICOPA COUNTY NOTARY PUBLIC, AND DOES 1-10,000;<br><br>                Defendants. | **NO: 2:10-ap-02243-SSC**<br><br>**FIRST AMENDED ADVERSARIAL COMPLAINT IN SUPPORT OF INJUNCTION, TO SET ASIDE TRUSTEE SALE, TO CANCEL TRUSTEE'S DEED, TO QUIET TITLE TO REAL PROPERTY, AND FOR ACCOUNTING.**<br><br>**Honorable Sarah Sharer Curley**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.     Plaintiff RACHEL EARL, for her First Amended Complaint states and alleges the following causes of action against Defendants U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR GSAA 2007-9 BY ITS ATTORNEY IN FACT WELLS FARGO BANK N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE INC. ("US BANK"), and DOES 1-10,000.

2.     The primary purpose of this complaint is to seek information from Defendants regarding the proper parties to this action, if any, and until proper parties are identified, Plaintiff respectfully requests the Court to restrain Defendants from causing the Plaintiff and her family further irreparable harm and loss.

3.     Plaintiff Rachael Earl is informed and believes that Defendant US BANK is not the real party in interest in this case.  Plaintiff further believes that the foreclosure sale of her home was improper, with, among other things the Trustee's Deed Upon Sale being invalid because it was improperly executed and notarized by Defendant US BANK and/or their agents.

4.     Plaintiff has been irreparably harmed gross misconduct on the part of Defendant US BANK, its servicers and agents.

5.      This is a contested matter in which Plaintiff seeks injunctive relief and seeks to recover her rightful property from Defendants.

## PARTIES

6.     Rachael Earl filed a voluntary petition for relief in this matter under Chapter 13 of the Bankruptcy Code on August 27, 2010.

LAW OFFICES OF KEVIN JENSEN, PLLC

7.      Plaintiff is and at all times relevant to this Complaint was the lawful owner of real property commonly known as 1311 South Claiborne Avenue, Gilbert, AZ  85296 and it remains her primary residence.  The legal description for the Property is:

Lot 196, AGRITOPIA, PHASE 2A, according to Book 691 of Maps, Page 4, and Affidavit of Correction recorded as 2004-1145385, records of Maricopa County, Arizona.

8.      Defendant US BANK at all relevant times mentioned in this complaint, was engaged in the banking and mortgage lending business, and in the business of owning, separately and as alleged trustee for others, mortgage loans in Arizona, including in Maricopa County.  Defendant US BANK from at least the time of execution on January 15, 2009 claimed to be and purported to act as the holder of the Note alleged by virtue of an Assignment recorded with the Maricopa County Recorder's office on or about January 16, 2009 as instrument No. 20090041298.

9.      Defendants DOES 1-10,000 are individuals and/or corporations who are presently unidentified heirs, assigns, successors in interests and/or servicing agents or other agents who hold or purportedly hold an interest in the Deed of Trust and lien arising thereto allegedly secured by the Plaintiff's Residential Real Property held by the Defendants, or who participated in the transfer, sale, or delivery of Plaintiff's Residential Real Property to the Defendants.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 157 and 1412 and 11 U.S.C. § 1334.

11.     This matter is a "core" proceeding under § 157(A), matters concerning Administration of the estate, 157(B), allowance or disallowance of claims, 157(K), determination of the validity, extent, or priority of liens, and 157(O) other proceedings affecting the…adjustment of the debtor-creditor or the equity security holder relationship. Venue in the District of Arizona is proper.

## FACTUAL ALLEGATIONS

12.     On or about April 12, 2007, Plaintiff executed a Deed of Trust for the Subject Loan in the face amount of $500,000, naming Rachael A. Earl as "Borrower/Trustor," naming "Freedom Home Mortgage Coporation (FN)" as "Lender," Arizona Title Agency, Inc. as "Trustee," and Mortgage Electronic Registration Systems, Inc. ("MERS") "acting solely as a nominee for Lender and Lender's successors and assigns" and as "Beneficiary."

13.     At that time, Plaintiff was told that she was getting the best loan she could get and Defendants promised that they were acting in Plaintiff's, and only Plaintiff's best interest.

14.     The Deed of Trust was subsequently recorded with the Maricopa County Recorder's Office on or about April 17, 2007 as Recording Number 20070446763.  The Deed of Trust outlines, among other things, very specific guidelines for acceleration of

LAW OFFICES OF KEVIN JENSEN, PLLC

the alleged Note. To Plaintiff's best knowledge, no Note was ever recorded with the Maricopa County Recorder's Office.

15. Plaintiff has never received, nor does she believe exists, a Notice of Default from the Defendants as set forth and required in the Deed of Trust, nor does she believe that she ever was in default with regards to the Property at the time of acceleration by Defendants, their agents, and servicers.

16. At some unknown point during July 2008, the original Trustee of the Deed of Trust, Arizona Title Agency Inc., went out of business. Plaintiff believes no evidence exists or was ever recorded to name a purported subsequent trustee until January of 2009, a violation of A.R.S. § 14-10704 and 33-804.

17. On or about January 15, 2009, Defendants' agents executed an Assignment claiming to transfer to Defendant US BANK "all beneficial interest under that certain Deed of Trust dated 04/12/2007…Together with the Note or Notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust." The Assignment is signed by Jennifer Hamlin as, "Assistant Secretary for MERS, Inc."

18. Plaintiff retained the services of banking and mortgage expert William McCaffrey who has reviewed Defendant's alleged Assignment and states that that "GS Mortgage Securities Corp Asset-Backed Certificates series GSAA Home Equity Trust 2007-9 [was] created (and closed) in 2007." It is Mr. McCaffery's opinion that "The Assignment date is almost certainly incorrect." *See Affidavit of William McCaffrey*, attached as **Exhibit 1.**

5

LAW OFFICES OF KEVIN JENSEN, PLLC

19.     Filings with the Securities and Exchange Commission, including the Free Writing Prospectus (FWP) for GSAA 2007-9 support Mr. McCaffrey's findings that the GSAA 2007-9 trust had a "Closing Date:  On or about September 28, 2007" and a "Cut-Off Date" of September 1, 2007, and further discloses that U.S. Bank was not in fact the Trustee over the trust, but rather lists Citibank, N.A. as Trustee with U.S. Bank as one of many Custodians.

20.     The Assignment relied upon by US BANK is purported to have been executed on January 15, 2009.  The Assignment includes the line, "Effective Date: 12/08/2008."  It was recorded with the Maricopa County Recorder's Office as Recording Number 20090041298.

21.     Plaintiff believes and therefore avers that this Assignment was backdated and filed solely for the purpose of attempting to correct the record.

22.     Upon information and belief, at all relevant times, Jennifer Hamlin is or was an employee of Tiffany and Bosco, and was, until recently listed on their website as the contact for financial services sales reports.

23.     Plaintiff believes additional evidence exists that both Jennifer Hamlin and Mark S. Bosco are allegedly employed concurrently in the position of Assistant Secretary for MERS, Inc., and execute documents simultaneously while both being employed with the exact same job title and also being employed by Tiffany and Bosco, P.A.

24.     On January 15, 2009, the same date that the Assignment was executed, a Substitution of Trustee was also executed purportedly transferring the duties of Trustee from Arizona Title Agency, Inc. to Michael A. Bosco, Jr. as successor trustee.

6

LAW OFFICES OF KEVIN JENSEN, PLLC

25. The Substitution of Trustee is executed by Mark S. Bosco, Attorney at Law "By Limited Power of Attorney" for U.S. Bank National Association, as Trustee for GSAA 2007-9 by its Attorney in fact Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage Inc. The document is recorded with the Maricopa County Recorder's office as Recording Number 20090041299.

26. Plaintiff has reviewed the recorded Powers of Attorney for U.S. Bank National Association, as Trustee and can find no evidence that Wells Fargo Bank, N.A. or Mark S. Bosco have a valid Power of Attorney granting them authority to act on behalf of Defendant US BANK.

27. On the same date, January 15, 2009, a Notice of Trustee's Sale was allegedly executed by Michael A. Bosco, Jr., Attorney at Law as Trustee/Successor Trustee listing a sale date of April 17, 2009, and a time of 10:00 A.M.

28. On or about August 4, 2009, Plaintiff sent a Qualified Written Request (QWR) under RESPA requesting an accounting.

29. Pursuant to RESPA, when a borrower submits a QWR, the lender has 20 days to acknowledge receipt of the QWR and, within 60 days, to perform an adequate investigation, provide the requested information, make any corrections to the borrower's account, including crediting any erroneous late charges or penalties, provide written notification of these credits, provide a written explanation of why the account is correct, and include the name and telephone number of the service representative.

30. Wells Fargo acting in the capacity of alleged servicer of the alleged mortgage loan failed to respond to Plaintiff's QWR, and the § 2943 demand.

LAW OFFICES OF KEVIN JENSEN, PLLC

31. On January 7, 2010, Plaintiff learned that her home was set to foreclose at 10:00 A.M. that very day. She contacted Tiffany and Bosco's office and spoke with "Pat" at approximately 9:20 A.M., who reviewed the property in her system and informed the Plaintiff that the scheduled sale date had been postponed to February 9, 2010. Plaintiff viewed public tax records for the property and confirmed that the sale date had in fact changed to February 9, 2010.

32. Plaintiff began to compile documents and to prepare a pro se complaint against Defendant US BANK, whom she was not previously aware had any right to her property and had never notified her of any default. Plaintiff intended to file such complaint of opposition prior to the newly listed sale date of February 9, 2010, in accordance with A.R.S. § 33-811(C).

33. In the meantime and without Plaintiff's knowledge, on January 14, 2010, a Trustee's Deed Upon Sale was allegedly executed. The Deed was purportedly executed by Michael A. Bosco, Jr. and given an exact date and timestamp of "Date: 2010.01.14 04.50.37 -07:00." The Deed was also purportedly notarized and by Paula Gruntmeir and given an exact date and timestamp of "Date: 2010.01.14 04.50.37 -07:00," the very same second that Mr. Bosco's signature was applied to the document.

34. Michael A. Bosco, Jr. alleges to be the Trustee over the subject Property, and acting as an agent on behalf of Defendant US BANK.

35. Paula Gruntmeir is a Notary Public and Electronic Notary Public registered with the office of the Arizona Secretary of State, registered under Commission Numbers 282070 and 289185, listing her business name to be Tiffany and Bosco, P.A.

LAW OFFICES OF KEVIN JENSEN, PLLC

36.     The recorded Deed contains the language, "Said property **was** sold by Trustee at Public auction on January 14, 2010, at the place named in the Notice of Trustee's Sale. 'Grantee, **being** the highest bidder at such sale, **became** the purchaser of said property and **made** payment thereof to said Trustee for the amount bid, namely $315,000.00." (emphasis added)  The language used within the Deed would allege that the document was signed AFTER the sale occurred, though in fact, it was electronically signed several hours *before* the sale even took place.

37.     The recorded Deed contains the affirmation: "IN WITNESS WHEREOF, MICHAEL A. BOSCO, JR., as Trustee, has this day caused his name to be hereunto affixed," followed by the purported digital signature of Michael A. Bosco, Jr.

38.     The recorded Deed also contains the following language, "The foregoing instrument was acknowledged before me this 14th day of January, 2010, by Michael A. Bosco, Jr., as Trustee," followed by the purported digital signature and notary of Paula Gruntmeir described above.

39.     Plaintiff believes and therefore avers that the Trustee's Deed Upon Sale was executed at 4:50 A.M. and was executed by a computer that was set to "batch" process several Deeds and other documents very quickly and without review or actual use and input of a digital signature code on each document using Michael A. Bosco, Jr.'s and Paula Gruntmeir's digital signature key code.

40.     The recorded Deed appears to be fraudulent on its face pursuant to the guidelines for Trustees' Sales set forth in (but not limited to) A.R.S. § 33-803.01 regarding delegation of duties for preparation and execution of documents, 33-808(B)

Case 2:10-ap-02243-SSC    Doc 17    Filed 06/13/11    Entered 06/13/11 17:48:22    Desc
Main Document        Page 9 of 32

regarding the time such sales are legally allowed to be conducted, 33-810(A) regarding what constitutes execution, delivery and recordation to the trustee's deed, 33-811(A) and (B) regarding the time that such Deed must be executed, and 33-816 providing for limitation on the timeframe allowed for commencement of the sale. Moreover, upon information and belief, the digital signatures violate Arizona's Electronic Transactions Act, A.R.S. §§44-7001 *et seq.* and the Arizona Electronic Statute(s), A.R.S. §§ 41-351 *et. seq.*

41.     Plaintiff has retained the services of forensic document expert Curtis Bagget who has reviewed the Deed of Trust documents in this matter. Plaintiff includes the declaration of expert witness Curtis Baggett, who concurs, and in his expert opinion states, "I have determined the exact time stamp to indicate a time of 4:50 a.m. and 37 seconds, with the -07:00 designation indicating seven hours behind Greenwich Mean Time, UTC, or Zulu (Military) Time, thereby designating that the time indicated reflects Mountain Standard Time."

42.     This defective Trustee's Deed Upon Sale was recorded with the Maricopa County Recorder's office on January 15, 2010 as Recording Number 20100035162.

43.     On January 19, 2010, and without any prior knowledge of the sale and the executed Trustee's Deed Upon Sale, Plaintiff returned to her residence in the afternoon to find the Deed and a letter from Realtor Judy Johnson duct taped to her door demanding that she vacate the premises, as her property purportedly had been sold at auction on January 14, 2010. Plaintiff had no prior knowledge to the sale being moved to January 14, 2010, and had relied upon Pat's indication and public records that showed the date to

10

be February 9, 2010.  Plaintiff reasonably and detrimentally relied on "Pat's"

representation and an agent for US Bank as an employee of Tiffany & Bosco, PA.

44.     On January 19, 2010, Plaintiff contacted Tiffany and Bosco and was again

connected with "Pat," who answered her call.  Plaintiff alerted Pat to the misstatements

made on January 7, 2010 regarding the sale date being moved to February 9, 2010, not

January 14, 2010.  Pat confirmed that "at one time" the sale date was listed as February 9,

2010, but the Lender decided to move the date up.  Pat requested that the Plaintiff contact

Christopher Reich, who she claimed was in charge of the Plaintiff's sale.

45.     Plaintiff called Christopher Reich on January 19, 2010 and was directed to

his voicemail.  Plaintiff left a message requesting Mr. Reich to call her back immediately.

She then emailed Mr. Reich expressing her concerns and attaching a scanned version of

the printed public tax records that showed the sale date of February 9, 2010.  Mr. Reich

responded via email asking Plaintiff to call him to discuss the matter.  Plaintiff again

called Mr. Reich and again reached his voicemail.  Plaintiff then emailed Mr. Reich again

explaining the situation in detail.  Again, Mr. Reich requested that Plaintiff call him

directly to discuss the matter.

46.     Plaintiff again called Mr. Reich and was able to speak with him, explaining

the situation and the misrepresentations that were made to her by Pat.  Mr. Reich

responded that the Lender decided to push the sale date up, and that "they can do

whatever they want."  Plaintiff requested that the sale be overturned due to

misrepresentations by Tiffany and Bosco regarding the sale date to which she was told

that it would not be overturned.

47. Defendant US BANK proceeded to file an action for Forcible Entry and Detainer on February 1, 2010, and despite lack of personal service to the Plaintiff, proceeded with a Forcible Detainer Hearing on February 22, 2010.

48. Plaintiff voluntarily filed for Chapter 13 Bankruptcy Protection as a pro se Debtor on March 4, 2010 after being notified that she was prohibited from arguing issues of title in a Forcible Detainer Trial.

49. Plaintiff's Automatic Bankruptcy Stay in her first Bankruptcy was lifted on or about July 22, 2010.

50. Defendants proceeded with the Forcible Detainer Trial on August 19, 2010 where again Plaintiff by and through counsel was prohibited from arguing issues of title.

51. Plaintiff requested voluntary dismissal of her Chapter 13 Bankruptcy on August 26, 2010.

52. Plaintiff filed this voluntary petition for Chapter 13 Bankruptcy on August 27, 2010.

53. Plaintiff filed her Adversary Proceeding on December 13, 2010.

54. On or about September 8, 2010, Defendant US BANK filed a Motion for Relief from Stay. The hearing on the motion was later vacated.

55. On or about January 28, 2011 Plaintiff received via US Mail a 1099-A listing Federal National Mortgage (aka "Fannie Mae") as the "Lender" claiming the tax credit for her property. The date of lender's acquisition of the property is listed as 1/14/10, the date of the purported Trustee's Sale to Defendant US BANK. The balance of alleged outstanding principal owed to Fannie Mae is listed as $492,385.84, with the

LAW OFFICES OF KEVIN JENSEN, PLLC

fair market value of the property listed as $315,000, the same price allegedly paid by Defendant US BANK for the property on the same date. The 1099-A also contains the question, "Was borrower personally liable for repayment of the debt?" to which there is an "X" next to "Yes." The alleged "Borrower" is listed as Rachael A. Earl.

56. On or about January 28, 2011 Plaintiff received via US Mail a 1099-C form listing Wells Fargo Bank, N A as the "Creditor" claiming a loss via canceled debt of $177,385.84, with a cancelation date of 1/14/10, the date of the purported Trustee's Sale to Defendant US BANK. The alleged "Debtor" is listed as Rachael A. Earl.

57. On or about May 9, 2011, Defendant US BANK filed the Declaration of Theresa Diaz-Cochran. It is unclear what Ms. Diaz-Cochran's role or personal knowledge of the purported loan is, as Ms. Diaz-Cochran, instead of adding her job title into a blank area in the document, simply stamped her name for the second time on the document. Ms. Cochran provides vague facts regarding Wells Fargo Bank, N.A. and their involvement as the alleged servicer. Ms. Diaz-Cochran further states in her Declaration that: "The property was sold at Trustee sale on January 14, 2010 and reverted back to BankUnited, FSB for the amount of $315,000." This statement contradicts both the alleged Trustee's Deed Upon Sale and the 1099-A form which both claim different purchasers at the purported Trustee's Sale on January 14, 2010.

58. Plaintiff believes and therefore avers that there are several parties claiming ownership of her alleged loan and subsequently her real property. There appears to be significant evidence that suggests that Defendant US BANK is NOT the Real Party in Interest in this case.

LAW OFFICES OF KEVIN JENSEN, PLLC

59.     On June 8, 2011 Defendant US BANK's Motion for Relief from Stay was granted due to a matter of law as a result of Plaintiff not requesting an Automatic Stay when two Bankruptcies were filed within the same year.  Plaintiff was, however, granted a Temporary Restraining Order and the ability to amend her Adversary Complaint to request a permanent injunction against Defendant US BANK.

### **FIRST CAUSE OF ACTION (FOR INJUNCTION)**

60.     This cause of action is brought by Plaintiff Rachael Earl, an individual, against Defendant US BANK, and DOES 1-10,000.  Plaintiff realleges each and every fact set forth in paragraphs 1-59 herein as though fully set forth and alleged herein and throughout.

61.     Defendant US BANK, in its alleged capacity as trustee for GSAA 2007-9, claims to be the owner of the Property by virtue of a Trustee's Deed Upon Sale to the Property purportedly executed on January 14, 2010 by electronic means allegedly by the hand of Defendant Michael A. Bosco, Jr. as Trustee and purportedly notarized by electronic means by the hand of Defendant Paula Gruntmeir, and recorded with the Maricopa County Recorder's office on or about January 15, 2010 as instrument No. 20100035162.

62.     Plaintiff alleges that the recorded Trust Deed contains material facts in question that must be further examined to confirm the exact time the Deed was purportedly signed, and the method by which the signatures and notary seal were affixed to the Deed and by whom, if in fact affixed at the hand of a real person.

Case 2:10-ap-02243-SSC    Doc 17    Filed 06/13/11    Entered 06/13/11 17:48:22    Desc
Main Document        Page 14 of 32

LAW OFFICES OF KEVIN JENSEN, PLLC

63.     Plaintiff alleges that the recorded Deed appears to be fraudulent on its face, and should prevent Defendant US BANK from having the ability to dispossess Plaintiff of her real property.

64.     Plaintiff further alleges that the Trustee's Deed was signed by electronic "batch" processing based upon additional deeds recorded with the Maricopa County Recorder's Office of which there are at least 13 Deeds purported to have been properly signed and notarized within approximately 39 seconds of one another, based upon the timestamps under the digital signatures for Michael A. Bosco, Jr. and Paula Gruntmeir that were affixed to the document. Plaintiff is aware that programs such as Adobe Certified Document Services (CDS) and others have this capability.

65.     Plaintiff believes that it is a physical impossibility for Michael A. Bosco, Jr. and Paula Gruntmeir to read, sign, notarize and record in a notary journal the documents purported to have been lawfully signed within the 2-3 seconds that each document's timestamp would suggest that it was signed. Such a method of signing documents constitutes a violation of the Arizona Consumer Fraud Act, A.R.S. § 44-1521.

66.     Plaintiff's expert witness, Curtis Baggett, a forensic document examiner has reviewed the documents regarding the Trustee's Deed Upon Sale, and will testify that his conclusions regarding the Trustee's Deed Upon Sale are true. *See Baggett Affidavit*, attached as **Exhibit 2.**

67.     Moreover, Defendants have not and likely cannot provide a valid chain of title giving Defendant US BANK any claim or interest to Plaintiff's real property as the Real Party in Interest.

LAW OFFICES OF KEVIN JENSEN, PLLC

68.     Defendant US BANK is not the Real Party in Interest and Holder in Due Course.  The 1099-A form (a government issued document) that Plaintiff received regarding her real property lists Federal National Mortgage as the "Lender" claiming the tax credit on her property.  Wells Fargo by and through the Declaration of Teresa Diaz-Cochran lists BankUnited FSB as the Holder in Due Course.  These conflicting claims support Plaintiff's request for injunctive relief and an investigation into whom, if anyone, is the Real Party in Interest in this case.

69.     For the foregoing reasons, and the likelihood of probable success on the merits and the distinct possibility of irreparable harm, coupled with the serious nature of the questions raised and the balance of hardship being tipped sharply in favor of beneficiaries, Plaintiff requests this honorable Court to grant a permanent injunction to prevent Defendants dispossessing Plaintiff and her family from their property.

**SECOND CAUSE OF ACTION (TO SET ASIDE TRUSTEE SALE)**

70.     This cause of action is brought by Plaintiff Rachael Earl, an individual, against Defendant US BANK and DOES 1-10,000.  Plaintiff realleges each and every fact set forth in paragraphs 1-69 herein as though fully set forth and alleged herein and throughout.

71.     The alleged Trustee's Sale held on January 14, 2010 was conducted improperly and outside of the timeframe designated in the Arizona Revised Statutes for holding Trustee's Sales.  The exact timestamps affixed to the alleged digital signatures of Michael A. Bosco, Jr. and Paula Gruntmeir on the Defective Trustee's Deed Upon Sale demonstrate, among other things that the documents were illegally executed prior to the

16

LAW OFFICES OF KEVIN JENSEN, PLLC

Trustee's Sale. Plaintiff believes that the purported Deed is fraudulent on its face, and therefore is not a valid document.

72.    Plaintiff never received a Notice of Default and does not in fact believe her alleged loan was in default at the time of the alleged Trustee's Sale. Failure to provide a Notice of Default constitutes a breach of the Acceleration clause contained within the Deed of Trust, a requirement before proceeding with a Notice of Trustee's Sale.

73.    All of the foregoing facts alleged in this complaint resulted in the purported loss by the Plaintiff of clear free title to the Property. It is a factual and legal impossibility that the Trustee's Sale was conducted in accordance with Arizona Law, and therefore, Plaintiff requests this court to set aside the Trustee's Sale.

### THIRD CAUSE OF ACTION (TO CANCEL TRUSTEE'S DEED)

74.    This cause of action is brought by Plaintiff Rachael Earl, an individual, against Defendant US BANK and DOES 1-10,000. Plaintiff realleges each and every fact set forth in paragraphs 1-71 herein as though fully set forth and alleged herein and throughout.

75.    Defendant US BANK claims an estate or interest in the Property adverse to that of Plaintiff. US BANK's claims are without any right; and therefore, Plaintiff alleges that Defendant has no estate, right, title, or interest in the Property.

76.    The claims of Defendant US BANK to the Property are based on the Defective Trustee's Deed Upon Sale recorded with the Maricopa County Recorder's Office.

17

LAW OFFICES OF KEVIN JENSEN, PLLC

77.     Although such deed is purported to be valid on its face, it is invalid, void and voidable, and of no force or effect regarding Plaintiff's interests in the Property, for the reasons set forth in the preceding paragraphs.

78.     The interest or estate in the described Property claimed by Defendant US Bank, based on the Trustee's Deed Upon Sale, is a cloud on Plaintiff's title in and to the Property, tends to depreciate its market value, restricts Plaintiff's full use and enjoyment of the Property, and hinders Plaintiff's right to unrestricted alienation of it.  If the Trustee's Deed is not canceled, Plaintiff will suffer serious additional injury and damages.

## FOURTH CAUSE OF ACTION (TO QUIET TITLE TO REAL PROPERTY)

79.     This cause of action is brought by Plaintiff Rachael Earl, an individual, against Defendant US BANK and DOES 1-10,000.  Plaintiff realleges each and every fact set forth in paragraphs 1-78 herein as though fully set forth and alleged herein and throughout.

79.     Plaintiff seeks to quiet title to the Property against all claims of all Defendants.  Defendants' claims are without any right, and Defendants have no right, title, estate, lien, or interest in the Property.  Plaintiff is credibly informed and believes Defendants make claims adverse to Plaintiff's.

80.     Plaintiff names as Defendants in this action all persons unknown claiming (a) any legal or equitable right, title, estate, lien, or interest in the Property described in the Complaint adverse to Plaintiff's title, or (b) any cloud on Plaintiff's title to the

Property. The claims of each unknown Defendant are without any right, and these Defendants have no right, title, estate, lien, or interest in the Property.

81.     Plaintiff prays for establishment of Plaintiff's Estate and that Defendants be barred and forever estopped from having or claiming any right or title to the premises adverse to Plaintiff.

## FIFTH CAUSE OF ACTION (FOR ACCOUNTING)

82.     This cause of action is brought by Plaintiff Rachael Earl, an individual, against Defendant US BANK and DOES 1-10,000. Plaintiff realleges each and every fact set forth in paragraphs 1-81 herein as though fully set forth and alleged herein and throughout.

83.     The amount of money (if any) owed to Defendants, and each of them, is unknown to Plaintiff and cannot be determined without an accounting.

WHEREFORE, Plaintiff prays for judgment and order against Defendants, and each of them, as follows:

1.     For a preliminary and permanent injunction estopping Defendant US BANK from taking any and all action to evict Plaintiff from her property;

2.     That the Trustee's Sale and Deed Upon Sale be declared void as a matter of law;

3.     That the Court enter Judgment that Defendants have no legal claim to title on the subject property;

4.     That the Court declare that Defendants are not entitled to enforce the underlying Promissory Note or the Deed of Trust;

LAW OFFICES OF KEVIN JENSEN, PLLC

LAW OFFICES OF KEVIN JENSEN, PLLC

5.    That Defendant US BANK be ordered to pay Plaintiff's Damages pursuant to A.R.S. § 33-420(A);

6.    That Plaintiff be awarded her costs and fees assessed to Plaintiff in preparation and in foreclosure by Defendants, its servicers and agents;

7.    Pre-judgment and Post-judgment interest as permitted by law;

8.    A judgment of attorney fees against the Defendants for any and all fees required to refute any bad faith assertion that Defendants had the right to a secured claim or that its lien was justified under the laws of any jurisdiction;

9.    This Court Order an Accounting as detailed herein;

10.    Any and all further relief this Court sees fit to grant, whether legal or equitable.

DATED this 13th day of June, 2011

**LAW OFFICES OF KEVIN JENSEN, PLLC**


By____/s/ Kevin Jensen_____
          Kevin Jensen
          Attorneys for Plaintiff

LAW OFFICES OF KEVIN JENSEN, PLLC

**ORIGINAL** of the foregoing filed
this 13th day of June, 2011, with:

**U.S. BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**
230 North First Avenue, Suite 101
Phoenix, Arizona 85003-1727

**COPY** of the foregoing faxed/mailed to the
Following, this 13th day of June, 2011:

Andrew Hardenbrook
Snell & Wilmer, LLP
400 E. Van Burgen, #1900
Phoenix, Arizona 85003-1727
*Attorneys for U.S. Bank*

Leonard McDonald
Tiffany & Bosco, PA
2525 E. Camelback Rd., Suite 300
Phoenix, Arizona 85016
*Attorneys for U.S. Bank*

Russell Brown
3838 N. Central Ave., Suite 800
Phoenix, Arizona 85012
Chapter 13 Trustee

United States Trustee
230 N. 1st Ave., Ste. 204
Phoenix, Arizona 85003

All Creditors listed on the Mailing Matrix

**EXHIBIT 1**

**LAW OFFICES OF KEVIN JENSEN, PLLC**
*ATTORNEYS and COUNSELORS at LAW*
*3740 EAST SOUTHERN AVE.*
*SUITE 210*
*MESA, ARIZONA 85206*
*TELEPHONE (480) 632-7373*
*FACSIMILE (480) 632-8383*

*Kevin Jensen, State Bar No. 021524*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| RACHAEL A. EARL | ) | Case No. #2:10-bk-27333 |
| | ) | |
| **Real Property Located:** | ) | AFFIDAVIT OF |
| 1311 S. CLAIBORN AVENUE | ) | WILLIAM McCAFFREY |
| GILBERT, ARIZONA | ) | |
| 85296 | ) | |

I William McCaffrey, declare as follows:

1. I am over the age of 18 years and qualified to make this affidavit. I am a resident of the State of Arizona and make this Affidavit based on my own personal knowledge. I have no direct or indirect interest in the outcome of the case at bar for which I am offering my observations, analysis, opinions and testimony.

2. My experience in the Banking industry encompasses over 30 years employment for federally insured institutions. I was formerly Business Development Manger with Indy Mac Bank FSB, for over ten years and am currently employed as a Consultant for Housing Mortgage Consultants Inc. of which I own. I have personal knowledge and experience to render opinions in the topic areas related the securitization of mortgage loans, derivative securities, the securities industry, real property law, Uniform Commercial Code practices, predatory lending practices,

Truth in Lending Act requirements, loan origination and underwriting, accounting in the context of securitization and pooling and servicing of securitized loans, assignment and assumption of securitized loans, creation of trusts under deeds of trust, pooling and agreements, and issuance of asset backed securities and specifically mortgage-backed securities by special purpose vehicles in which an entity is named as trustee for holders of certificates of mortgage backed securities, the economics of securitized residential mortgages during the period of 2001-2008, appraisal fraud, and its effect on APR disclosure, usury, exceeding the legal limit for interest charged, foreclosure of securitized, non-securitized residential mortgages.

3. I have been qualified to testify in Maricopa County Superior Court, and US District Court. In the past few years, I have served as Expert Witness in numerous civil cases. I have testified at trial in Federal and Superior Court including Nevada and Arizona. Superior Court Cases include *Marshall and Isley Bank v. Izzo, Slikker v. Kondaur, Brokalakis v. National City Mortgage, and Wells Fargo Bank v. Dutson.* Superior Court Judges' Ronan, Garcia, and Budoff, as well as Commissioners' Davis, Ellis, and Hamner have affirmed my expert testimony. Further, I've offered expert testimony in the US District Court of Nevada under Judge Riegle, in *Charov v. Perry.*

4. I have reviewed thousands of Mortgage Assignments and I am familiar with such documents and how they are properly prepared and signed.
I have reviewed the initial pleadings and loan documents provided as to the property located at   1311 S. CLAIBORN AVE, GILBERT, AZ 85296, which is the subject of this lawsuit, and have conducted a preliminary audit of the documents. Finding the following:

5. GS Mortgage Securities Corp Asset-Backed Certificates series GSAA Home Equity Trust 2007-9 created (and closed) in 2007 is very unlikely to have acquired this non-performing loan when the loan was already in default. From my knowledge and experience with mortgage-backed securitized trusts, such acquisition of a non-performing loan is prohibited, particularly after the closing date of the Trust. The

present case appears to be another example of a trust failing to produce the Assignment that should have been created and obtained in 2007. The Assignment Date is almost certainly incorrect.

6. According to New York Trust law, EPTL 7-1.2, "Every disposition of property shall be made directly to the person in whom the right to the possession and income is intended to be vested and not to another in trust for such person. If made to any person in trust for another not estate or interest vests in the trustee."

As a result of the trust law, the Pooling and Servicing Agreements allow for indorsements in blank for the notes. The Pooling and Servicing Agreements also state that all intervening assignments and indorsements must be present. THIS HAS NOT BEEN FOLLOWED. Notes such as RACHAEL A. EARL, are commonly indorsed in blank or they have attached a blank Allonge.

7. In thousands of Assignments I have examined, new "replacement" Assignments have been prepared and presented to Courts without any disclosure to the Courts or to the Homeowners that the original Assignments were lost

8. Frequently, mortgage assignments for Trusts cannot be produced and Assignments from mortgage servicing companies such as LENDER PROCESSING SERIVICES (LPS) are hired to recreate the absent assignments. LENDER PROCESSING SERIVICES (LPS) created these documents. In the vast majority of cases, the individuals signing these documents as a representative of the GRANTOR/ASSIGNOR are actually working for the GRANTEE/ASSIGNEE bank/trustee. These individuals fail to disclose that they are working on behalf of the GRANTEE.

9. TRUSTEE'S DEED UPON SALE IS INCORRECT:

(1)     Investors who purchased asset backed securities in which ownership of the loans were described with sufficient specificity as to at least express the intent to convey ownership of the obligation as evidenced by the promissory note and an interest in real property consisting of a security interest held by an entity that was described as the beneficiary of a Trust created by an instrument entitled Deed of Trust;

(2)     Insurers that paid some party on behalf of said investors;

(3)     Counterparties on credit default swaps;

(4)     Conveyances or constructive trusts arising by operation of law through cross collateralization and over-collateralization within the aggregate asset pools or later within the Special Purpose Vehicle tranches "tranches" is an industry term of art referring to the types of division within a Special Purpose Vehicle);

(5)     United States Federal Reserve, which has extended credit on said troubled assets and has exercised options to purchase said troubled assets;

(6)     Any other party that has traded in mortgage backed securities from the aggregated pools or securitized tranches containing interests in the loans.

a.     WELLS FARGO BANK, NA, DEUTSCHE BANK NATIONAL TRUST COMPANY, THE BANK OF NEW YORK TRUST COMPANY, NATIONAL ASSOCIATION, and US BANK, its successors in interest, and MERS Inc, do not fall within any of the classifications of holders in due course on the subject loan.

b.     WELLS FARGO BANK, N.A DEUTSCHE BANK NATIONAL TRUST COMPANY, THE BANK OF NEW YORK TRUST COMPANY, NATIONAL ASSOCIATION, and US BANK. its successors in interest, and MERS Inc, have not suffered any financial loss relating to the loan.

c.     WELLS FARGO BANK, N.A. DEUTSCHE BANK NATIONAL TRUST COMPANY, THE BANK OF NEW YORK TRUST COMPANY, NATIONAL ASSOCIATION, and US BANK, its successors in interest, and MERS Inc, have never been the real party in interest as a lender or financial institution underwriting a loan while funding same with respect to the subject loan;

d.     WELLS FARGO BANK, N.A. DEUTSCHE BANK NATIONAL TRUST COMPANY, THE BANK OF NEW YORK TRUST COMPANY, NATIONAL ASSOCIATION, and US

BANK, its successors in interest, and MERS Inc, suffered no monetary loss through non-performance of the loan;

e.     WELLS FARGO BANK, N.A DEUTSCHE BANK NATIONAL TRUST COMPANY, THE BANK OF NEW YORK TRUST COMPANY, NATIONAL ASSOCIATION, and US BANK. its successors in interest, and MERS Inc, has received fees and profits relating to the loan;

f.     The existence and identity of the real parties in interest was withheld in the closing and servicing of the loan.

g.     This loan does not fall in the category of loans intending to be covered by Arizona law providing for non-judicial remedies. Without giving notice to all potentially interested stakeholders using service of process, a non-judicial foreclosure of a securitized loan does not dispose of the matter. Since there is no procedure for service of process without a lawsuit, the only procedure available is judicial.

h.     RACHAEL A. EARL has no knowledge, but has demanded information from the loan servicers and its agent and done due diligence to determine whether the note, security interest, or obligation has been extinguished or paid in whole or in part by co-obligors, insurers and/or federal bailout. The "election" of non-judicial process shifts the burden to the borrowers in the loans to allege facts that are solely within the knowledge of the lenders that are intentionally withheld to them.

i.     In the securitization of the loan, the rights of various named Trustees have been superseded by succeeding trustees ending with the Trustee for the holders of mortgage backed securities in the recorded documents in the present case, whose powers are limited to ONLY what the certificate holders authorize. Accordingly, the only potential party to a foreclosure wherein the allege financial injury and therefore a right to collect the obligation, enforce the note or enforce the security instrument is either a party who has actually lost money or stands to lose money, or an authorized representative who can show such authority and is answerable to the claims, affirmative defenses and counterclaims of the borrowers for such causes of action or defenses as might be applicable.

18. All factual testimony or statements made in this declaration are true and correct to the best of my knowledge and belief. All opinions stated herein are based upon a reasonable degree of probability or a high likelihood of probability. I have no direct or indirect interest in the outcome of the case for which I am offering my observations, analysis, opinions and testimony

FURTHER AFFIANT SAYETH NAUGHT.

William McCaffrey

SWORN TO AND SUBSCRIBED before me, the undersigned notary public, this ___4th___ day of March 2011.

OFFICIAL SEAL
LISA ORR
Notary Public-State of Arizona
MARICOPA COUNTY
My Commission Exp. 08/13/12

Notary Public

**EXHIBIT 2**

**LAW OFFICES OF KEVIN JENSEN, PLLC**
attorneyS and counselorS at law
3740 East SOUTHERN AVENUE
suite 210
MESA, arizona 85206
telephone (480) 632-7373
FACSIMILE (480) 632-8383

Kevin Jensen, State Bar No. 021524

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

RACHAEL A. EARL

*Real Property Located:*
*1311 S. CLAIBORNE AVENUE*
*GILBERT, ARIZONA*
*85296*

Case No.: 2:10-bk-27333

## DECLARATION OF CURTIS BAGGETT

I, Curtis Baggett, having firsthand knowledge of the facts stated herein, being over the age of 21 years and being of sound mind states as follows:

- I am a document examiner and expert witness, and a skilled authority in handwriting identification, who has examined documents in over 3,500 cases in all 50 states, Washington D.C., the Bahamas, Brazil, Canada, Chile, England, Ireland, Mexico, Pakistan, Puerto Rico, Thailand , New Zealand, Korea, China, Australia, and Denmark.
- I once held the position as Dean of the School of Forensic Document Examination at Handwriting University. In addition to lecturing and teaching document examination, I have analyzed handwriting for over 30 years. I have been qualified as an expert witness in Justice of the Peace, Municipal, District, State, U.S. District, and Federal Bankruptcy Courts.
- I am a consultant as a forensic document examiner for the number one television show, "CSI: Crime Scene Investigation," and have appeared as a handwriting expert on WOLF-BLITZER-CNN; CHARLES GIBSON-ABC, INSIDE EDITION, CBS, CNBC, FOX, JUDGE ALEX, TEXAS JUSTIC and GOOD MORNING TEXAS. I am the co-author of "Handwriting Certification

Home Study Course," and have been a guest on various other television and radio programs discussing handwriting and forensic document examination.

- My education and training in document examination and psychology include: U.S. Army, Military Police Officer's School; B.A. and M.Ed., McNeese State University, Lake Charles, Lousiana; and post-graduate studies at the University of Houston, Houston, Texas. My credentials and resume are attached, immediately following this affidavit as **Exhibit 1**.

5.    I have thoroughly reviewed the Trustee's Deed Upon Sale for Rachael A. Earl recorded at the Maricopa County Recorder's office on January 15, 2010, Recording Number 20100035162, labeled **Exhibit 2.**

6.    I have thoroughly reviewed the digital signature of Michael A. Bosco, Jr., and the date and time stamp on the known documents to determine if the author of the Michael A. Bosco, Jr. signature caused his digital signature to be affixed to the Trustee's Deed before the purported sale actually took place, and if the Notary, Paula Gruntmeir, processed sworn statements in compliance with the laws of the State of Arizona at the exact same second as the Michael A. Bosco, Jr. signature was recorded on the document.

7.    Based upon my thorough analysis of these items, and from an application of accepted forensic document examination tools, principles and techniques, it is my professional expert opinion that the Rachael A. Earl Trustee's Deed Upon Sale is a fraudulent document. The Deed was issued, signed, dated, and purported to have been notarized more than four hours before the sale was scheduled. Trustee Michael A. Bosco, Jr. swears the property "was" sold at auction to the highest bidder on January 14, 2010, and at the exact same time which he signed, Bosco had his signature witnessed, notarized, and stamped at 04.50.37 -07:00.

8.    Based upon our research, I have determined the exact time stamp to indicate a time of 4:50 a.m. and 37 seconds, with the -07:00 designation indicating seven hours behind Greenwich Mean Time, UTC, or Zulu (Military) Time, thereby designating that the time indicated reflects Mountain Standard Time.

9.    Furthermore, Michael A. Bosco, Jr. performed similar transactions on documents labeled **Exhibits 3-14** and on each Deed Bosco swears each sale was completed and verified in the presence of Notary Public Paula Gruntmeir on January 14, 2010 at approximately 4:50 a.m. Thirteen Deeds were conveyed, signed by both Bosco and Gruntmeir, and time stamped within 39 seconds of each other.

10.    In my opinion, it is literally impossible for a Notary to read, verify, and sign every document referenced herein, and record in a journal at the time of notarization the details of the transaction in 2-3 seconds, the time recorded between documents.

11.    In my opinion, it is literally impossible to have conveyed a property more

than four hours prior to a legally scheduled and posted sale, and to physically swear to and sign (electronically or otherwise) the document.

12.  I am willing to testify to this fact in a court of law and I will prove to the Court that my opinion is correct.

DATED this **3** day of June, 2011

By *Curtis Baggett*
Curtis Baggett

Subscribed and sworn to before me by Curtis Baggett, a man proven to me to be the above signer, or known to me, on this 3rd day of June, 2011.

_Wendy S. Carlson_
Notary Public for the State of Texas
My Commission Expires: _March 6, 2013_

WENDY S. CARLSON
Notary Public, State of Texas
My Commission Expires
March 06, 2013