Steven D. Jerome (#018420)
Gregory J. Marshall (#019886)
Andrew Hardenbrook (#025518)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Email: sjerome@swlaw.com
gmarshall@swlaw.com
ahardenbrook@swlaw.com
Attorneys for Defendants U.S. Bank National
Association, as Trustee for GSAA 2007-9, and
Wells Fargo Bank, N.A.

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>RACHAEL EARL,<br><br>        Debtor. | Proceedings Under Chapter 13<br><br>Case No. 2:10-bk-27333-SSC<br><br>**Adversary No. 2:10-ap-02243-SSC** |
| RACHAEL EARL, an individual<br><br>        Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR GSAA 2007-9 BY ITS ATTORNEY IN FACT WELLS FARGO BANK N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE INC.; MICHAEL A. BOSCO, JR., AS TRUSTEE; PAULA GRUNTMEIR, MARICOPA COUNTY NOTARY PUBLIC; DOES 1-10,000,<br><br>        Defendants. | **RESPONSE TO 1) PLAINTIFF'S REQUEST FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO RULE 9024; AND 2) REQUEST TO RETAIN JURISDICTION**<br><br>Relates to Adv. Dkt #s 101 and 102 |

Defendants U.S. Bank National Association, as Trustee for GSAA 2007 ("U.S. Bank"), and Wells Fargo Bank, N.A. ("Wells Fargo," collectively "Bank Defendants") respond to that certain "Plaintiff's Request For Relief From A Judgment Or Order Pursuant To Rule 9024" ("Third Motion to Reconsider" Adv. Dkt # 101) and "Request to Retain Jurisdiction" (Adv. Dkt # 102) filed by Plaintiff Rachel Earl ("Plaintiff").

The Third Motion for Reconsideration is Plaintiff's misguided attempt to get a fourth bite at the apple. On July 9, 2012, the Court placed a thorough and considered decision on the record, in which the Court granted Bank Defendants' motion to dismiss with prejudice the first amended complaint (the "FAC," Adv. Dkt # 17). On July 26, 2012, Plaintiff filed a motion to reconsider the Court's July 9th decision. (First Motion for Reconsideration, Adv. Dkt # 74), which this Court denied on November 20, 2012 (Adv. Dkt # 89). On December 12, 2012, Plaintiff filed her second motion to reconsider the Court's decision to dismiss the FAC with prejudice (Second Motion for Reconsideration, Adv. Dkt # 94), which this Court denied on January 23, 2013 (Adv. Dkt # 99). Now, Plaintiff files her Third Motion for Reconsideration, in which she again requests that the Court reconsider the order dismissing this case with prejudice. In the alternative, Plaintiff requests that the Court revise its order to dismiss the case with<u>out</u> prejudice. Plaintiff also requests that this Court retain jurisdiction, despite the fact that the administrative case has been dismissed since September 20, 2012. For the reasons set forth herein, the Third Motion for Reconsideration and Request to Retain Jurisdiction should be denied.

This Response is supported by the contemporaneously filed Declaration of Jennifer Hamlin, the following Memorandum of Points and Authorities, and all pleadings and papers of records, all of which are incorporated herein by reference.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

More than three years have elapsed since the January 14, 2010 lawful trustee's sale of the real property that is the subject matter of Plaintiff's FAC and U.S. Bank became the rightful owner of that property. Nevertheless, Plaintiff has been able to remain in possession of the property by abusing the judicial process and asserting numerous frivolous claims and defenses against Bank Defendants, among others. Plaintiff's abuse of the judicial process has resulted in Plaintiff initiating four separate lawsuits related to the January 14, 2010 trustee's sale, two separate bankruptcy proceedings to stay U.S. Bank's eviction proceedings, and an appeal of U.S Bank's eviction judgment against Plaintiff to the Arizona Supreme Court. In each instance, Plaintiff's claims either have been defeated resoundingly, or she voluntarily has dismissed her

claims (and bankruptcy cases) when it became apparent that she would not get her desired result and then re-file her claims (or bankruptcy petition) before a different court. Plaintiff's Third Motion for Reconsideration is just another demonstration of Plaintiff's abuse of the judicial process.

Plaintiff's Third Motion for Reconsideration should be summarily denied for at least three (3) separate and independent reasons. First, the Third Motion for Reconsideration is procedurally improper. Plaintiff's remedy after the denial of the First Motion for Reconsideration and entry of the order dismissing this case with prejudice was to seek an appeal, and her deadline to do so elapsed on December 4, 2012. Almost 15 months have passed since the Court put its decision on the record dismissing this case with prejudice, almost 11 months have passed since the Court entered its order dismissing this case with prejudice and denying Plaintiff's First Motion for Reconsideration, and almost 9 months have passed since the Court denied Plaintiff's Second Motion for Reconsideration. Plaintiff cannot continue to file motions for this Court to reconsider its order dismissing this case with prejudice *ad nauseam.* Second, the Third Motion for Reconsideration fails to provide any basis sufficient for the Court to reconsider its dismissal order. Third, because the underlying bankruptcy proceeding has been dismissed, the Court does not appear to have jurisdiction to now reconsider its order dismissing the case with prejudice. For this same reason, the Court also should deny Plaintiff's Request to Retain Jurisdiction.

## II. **RELEVANT PROCEDURAL AND FACTUAL BACKGROUND[1]**

This adversary proceeding was initiated in December 2010 and ultimately closed on November 21, 2012. Bank Defendants provide a brief summary of some of the factual and procedural history to refresh the Court's recollection and to bring the Court current on the numerous frivolous claims and defenses that Plaintiff has asserted against Bank Defendants and others.

---

[1] To avoid duplication, Bank Defendants hereby incorporate by reference the background contained in Section II of the "Amended Motion to: (I) Dismiss First Amended Complaint and (II) Strike Declarations from First Amended Complaint" ("Motion to Dismiss," Adv. Dkt. # 33) filed by Bank Defendants.

**A. The Lawful January 14, 2010 Trustee's Sale of the Property and Plaintiff's Post-Sale Efforts to Avoid Eviction from the Property**

1. On January 14, 2010, a trustee's sale ("Trustee's Sale") of certain real property generally located at 1311 S. Claiborne Ave., Gilbert AZ 85296 ("Property").

2. A Trustee's Deed Upon Sale was recorded in the Maricopa County Recorder's Office on January 15, 2010 as Sequence Number 2010-0035162 ("Trustee's Deed").

3. The Trustee's Deed was created by T&B utilizing its computer system at 3:50:48 p.m. on January 14, 2010. (Hamlin Dec. ¶ 6.)

4. On or about February 19, 2010, Plaintiff filed a complaint against Freedom Home Mortgage Corporation, Mark S. Bosco, Michael A. Bosco, Mortgage Electronic Registration Systems, Inc., Arizona Title Agency, Inc., Wells Fargo, John Doe and Jane Doe in the Superior Court of Arizona, Maricopa County, commencing Case No. CV2010-090616 ("Plaintiff's State Court Action"). In the State Court Action, Plaintiff alleged, among other things, that her due process rights had somehow been violated in connection with the Deed of Trust and requested, among other things, injunctive relief to vacate the Trustee's Sale.

5. On March 25, 2010, Plaintiff's State Court Action was removed to the United Stated District Court for the District of Arizona, Case No. CV-10-00678-PHX-ROS, and Defendants Mark S. Bosco, Michael A. Bosco, Wells Fargo, and Freedom Home Mortgage Corporation filed motions to dismiss the State Court Action (the "Motions to Dismiss").

6. On or about May 18, 2010, the Federal District Court granted the Motions to Dismiss, but gave Plaintiff leave to file an amended complaint by a date certain.

7. On or about July 12, 2010, Plaintiff filed a motion to voluntarily dismiss the State Court Action, which the Court subsequently granted on August 10, 2010.

**B. Plaintiff's First Bankruptcy Proceeding and the First Time Defendants Obtained Stay Relief**

8. In the meantime, Plaintiff also had filed bankruptcy proceedings. On March 4, 2010, Plaintiff filed her initial voluntary petition for bankruptcy protection under Chapter 13 of the Bankruptcy Code, commencing Case No. 2:10-bk-05650-RJH (the "First Bankruptcy Proceeding").

4

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

18099381.3

9. A hearing on U.S. Bank's motion to lift the stay in connection with the Property was held on May 12, 2010 before the Honorable Judge Randolph J. Haines at which Plaintiff appeared and opposed the First Motion to Lift Stay. (First Bk. Dkt # 32.)

10. At a May 12, 2010 hearing, Judge Haines granted U.S. Bank's motion to terminate the automatic stay and subsequently entered an order granting that motion on May 18, 2010 (First Bk. Dkt # 37).

11. On May 19, 2010, Plaintiff filed an emergency motion to reinstate the automatic stay or, in the alternative, grant a temporary restraining order (the "Emergency Motion") on the grounds that, among other things, U.S. Bank was not a holder in due course. (First Bk. Dkt # 38.)

12. On May 24, 2010, the First Bankruptcy Court denied Plaintiff's Emergency Motion. (First Bk. Dkt # 41.)

13. On or about August 25, 2010, Plaintiff filed a motion to dismiss her First Bankruptcy Proceeding, which the First Bankruptcy Court granted on August 26, 2010. (First Bk. Dkt # 58, 59.)

**C. Plaintiff's Second Bankruptcy Proceeding and the Second Time Defendants Obtain Stay Relief**

14. The day after the First Bankruptcy Court dismissed the First Bankruptcy Proceeding, on August 27, 2010, before a writ of restitution had been executed in a forcible entry and detainer action ("FED Action") initiated by U.S. Bank against Plaintiff (discussed more fully below), Plaintiff filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code (the "Petition Date"), commencing Case No. 2:10-bk-27333-SSC (the "Second Bankruptcy Proceeding").

15. On or about September 8, 2010, U.S. Bank filed a motion to lift the automatic stay to permit U.S. Bank to proceed with the FED Action (the "U.S. Bank's Second Motion to Lift Stay", Second Bk. Dkt # 9), which the Court later granted on or about June 8, 2011; although the Court enjoined U.S. Bank from further attempts to gain possession of the Property pending

further hearing. The Court also granted Plaintiff leave to amend her Complaint "to include a request for issuance of a Preliminary Injunction . . . ." (Second Bk Dkt # 100.)[2]

### D. Plaintiff's Adversary Proceeding (Plaintiff's Second Lawsuit)

16. On or about December 13, 2010, Plaintiff filed her initial bankruptcy Complaint against U.S. Bank and Wells Fargo asserting claims for 1) alleged violations of the Real Estate Settlement Procedures Act ("RESPA") (First Cause of Action), 12 U.S.C. § 2605 *et seq*.; 2) Injunctive Relief (Second Cause of Action); 3) Quiet Title (Third Cause of Action); and 4) an accounting (Fourth Cause of Action).

17. On June 13, 2011, six months after Plaintiff's filed her initial Complaint, Plaintiff's filed the FAC. (Adv. Dkt # 17).

18. Bank Defendants timely filed a motion to dismiss the FAC with prejudice. (Adv. Dkt #s 20, 33.) On July 9, 2012, the Court placed a thorough and considered decision on the record, in which the Court granted Bank Defendants' motion to dismiss the FAC with prejudice. (Adv. Dkt # 72.)

19. On July 25, 2012, Bank Defendants lodged a proposed form of order dismissing the FAC with prejudice.[3] (Adv. Dkt # 73.) On the next day, Plaintiff filed her First Motion for Reconsideration for the Court to reconsider the Court's July 9, 2012 decision. (Adv. Dkt # 73).

20. The Court set a hearing on the First Motion for Reconsideration and directed Plaintiff to "file the appropriate reports and/or affidavits from Chosen Security . . . as well as any other expert reports relevant to the allegations set forth in the Motion for Reconsideration. (Adv. Dkt # 77.)

21. On November 14, 2012, counsel for Bank Defendants appeared at the hearing on the First Motion for Reconsideration and argued against the First Motion for Reconsideration. (Adv. Dkt # 86.) Plaintiff's counsel failed to appear on behalf of the Plaintiff. (*Id.*) Nor did Plaintiff file any affidavits or expert reports in advance of that hearing.

---

[2] On July 13, 2011, the Court entered an order dissolving the temporary injunction. (Adv. Dkt. # 32.)

[3] Although Bank Defendants lodged a proposed form of order on July 25, 2012, the Court did not sign that order until November 20, 2012.

6

22. At that hearing, the Court took the First Motion for Reconsideration under advisement. On November 20, 2012, the Court entered an order dismissing the FAC with prejudice ("Order Dismissing the FAC with Prejudice," Adv. Dkt # 89) and an order denying the First Motion for Reconsideration ("Order Denying the First Motion for Reconsideration," Adv. Dkt # 91).

### E. Plaintiff's Third Lawsuit

23. On September 11, 2011, Plaintiff filed another state court action against U.S. Bank challenging the trustee's sale and seeking to enjoin U.S. Bank from obtaining possession of the Property, captioned *Earl v. U.S. Bank N.A.*, CV2011-098022 in Arizona Superior Court, Maricopa County.

24. On November 14, 2011, U.S. Bank filed a motion to dismiss.

25. On December 19, 2011, Plaintiff voluntarily dismissed the action.

### F. The Eviction Proceeding

26. Throughout Plaintiff's numerous frivolous lawsuits and bankruptcy filings, U.S. Bank has been attempting to gain possession of the Property, which it has owned since January 14, 2010.

27. On or about February 7, 2010, U.S. Bank initiated the FED Action against Plaintiff in the Superior Court of Arizona, Maricopa County, commencing Case No. CV2010-006146, and moved for judgment on the pleadings on or about March 8, 2010.

28. After obtaining relief from the automatic stay, U.S. Bank proceeded with the FED Action, and, on August 19, 2010, the State Court held a trial in the FED Action (the "FED Trial").

29. At the conclusion of the FED Trial, the State Court found Plaintiff guilty of forcible detainer and granted judgment in the FED Action against Plaintiff and in favor of U.S. Bank ("FED Judgment").[4]

30. On or about June 30, 2011, Plaintiff filed a motion to set aside the Eviction Judgment, which the state court denied on August 5, 2011.

---

[4] The State Court subsequently amended the August 19, 2010 judgment to correct a clerical mistake.

31.     Plaintiff subsequently appealed the denial of her motion to set aside the Eviction Judgment. On July 10, 2012, Arizona State Court of Appeals affirmed the trial court's denial of Plaintiff's motion to set aside the Eviction Judgment and awarded $10,000.00 in attorneys' fees to U.S. Bank. The Court of Appeals also denied Plaintiff's motion for reconsideration of the decisions of the Arizona state court.

32.     Plaintiff then petitioned the Arizona Supreme Court to review the decision of the Arizona State Court of Appeals. On December 4, 2012, the Arizona Supreme Court denied Plaintiff's petition for review.

### G.     Plaintiff's Fourth Lawsuit

33.     On April 12, 2013, Plaintiff filed another state court lawsuit this time against Michael A. Bosco and Tiffany & Bosco, captioned *Earl v. Bosco, et al.*, CV2013-093062. In that action, Plaintiff sought to enjoin Michael A. Bosco and Tiffany & Bosco from enforcing the Eviction Judgment.

34.     Plaintiff has subsequently moved to amend her complaint to include U.S. Bank in that action. Plaintiff's fourth lawsuit remains pending.

## III.     ARGUMENT

As demonstrated by the factual and procedural history, for the past three years Plaintiff has abused the judicial process in a misguided attempt to remain in possession of Property that she has not owned since January 14, 2010. The Third Motion for Reconsideration is Plaintiff's latest baseless effort to delay her eviction. As with all of Plaintiff's prior attempts, the Third Motion for Reconsideration is frivolous and destined to fail. The Court also should deny Plaintiff's Request to Retain Jurisdiction because the administrative proceeding has been dismissed since September 2012.

### A.     The Third Motion for Reconsideration must be denied.

Three independent reasons exist for denying the Third Motion for Reconsideration. First, it is procedurally improper as this Court already has considered and denied two prior motions for reconsideration. Second, it lacks merit because Plaintiff has not presented any basis sufficient for

this Court to reconsider the Order Dismissing FAC with Prejudice. Third, the Court lacks jurisdiction to reconsider its prior ruling

### *1. Plaintiff's Third Motion for Reconsideration is Procedurally Improper.*

Plaintiff files the Third Motion for Reconsideration purportedly under Rule 9024, Fed. R. Bankr. P., to have this Court reconsider its Order Dismissing the FAC with Prejudice. Plaintiff already sought the exact same relief when she filed the First Motion for Reconsideration and the Second Motion for Reconsideration. The Court denied the First Motion for Reconsideration "[i]n light of the Court's findings as set forth in the July 9, 2012 Decision on the Record and the failure of the Debtor to present new evidence . . . ." (Adv. Dkt # 89, p. 4, ll. 4-6.) Plaintiff's remedy after denial of the First Motion for Reconsideration would be to file an appeal within 14 days after entry of the Order Denying the First Motion for Reconsideration and the Order Dismissing the FAC with Prejudice, or December 4, 2012. Fed. R. Bankr. P. 8002. Plaintiff failed to timely file an appeal, and the Order Denying the First Motion for Reconsideration and the Order Dismissing the FAC with Prejudice became final and non-appealable.

Nevertheless, Plaintiff filed the Second Motion for Reconsideration. In the Second Motion for Reconsideration, Plaintiff relied almost solely on her contention that she did not receive notice of the November 14th hearing to request that the Court relieve her from the Order Dismissing the FAC with Prejudice. The Court correctly denied the Second Motion for Reconsideration on January 23, 2013, determining that it was "without merit." (Adv. Dkt # 99.)

Now, almost 11 months after the Court denied the First Motion for Reconsideration and 9 months after the Court denied the Second Motion for Reconsideration, Plaintiff filed her Third Motion for Reconsideration. The Rules do not permit Plaintiff to file successive motions for reconsideration in a misguided attempt to keep her case alive. This case is closed, Plaintiff's claims have been dismissed with prejudice, and the Court's Order Dismissing the FAC with Prejudice is final and non-appealable.

### *2. Plaintiff's Request for Reconsideration under Rule 60 is Baseless.*

Plaintiff requests that the Court reconsider its Order Dismissing FAC with Prejudice under Bankruptcy Rule 9024 based upon "fraud perpetrated by the Defendants with regards to the

9

timestamp at issue in Plaintiff's complaint." (Third Motion for Reconsideration, p. 1, ll. 25-26.) Plaintiff also cites two new cases that she maintains are applicable here. (*Id.* p. 8, ll. 2-20.) Rule 60(b) provides that a court may relieve a party from a final judgment for, among other things, "fraud (where previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), (6). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

Here, Plaintiff appears to be relying on the assertion that (i) Bank Defendants somehow committed a fraud upon the Court, and (ii) an intervening change of law. Neither of these arguments is availing.

### a. *Bank Defendants did not committed fraud upon the Court or otherwise.*

Bank Defendants did not commit fraud upon the Court. The Ninth Circuit defines "fraud upon the court" narrowly as follows:

> "Fraud upon the court" ... embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.

*Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (citing *In re Levander*, 180 F.3d 1114, 1119-20 (9th Cir. 1999)). Fraud upon the court is so narrowly defined that it does not even exist merely because of non-disclosure or perjury by a party or witness without more. *Id.* Instead, fraud upon the court requires a "grave miscarriage of justice" that is targeted at the court. *Id.* (citing *United States v. Beggerly*, 524 U.S. 38 (1998)). Plaintiff has not (and cannot) establish that fraud somehow occurred here.

Plaintiffs' claims of fraud relate to the declaration of Ken McLeod and the "expert report" of Brooks L. Hillard. (*See* Mot. for Reconsideration, Exs. 1, 2.) As a preliminary matter, Plaintiff's window for filing the declaration and "expert report" with the Court has long since closed. On August 29, 2012, this Court directed Plaintiff to file any reports or affidavits that

provided legal support for her First Motion for Reconsideration prior to the hearing on the First Motion for Reconsideration that took place in November 2012. (Adv. Dkt # 77.) Plaintiff failed to do so, and this Court correctly denied the First Motion for Reconsideration. Now, more than a year later, Plaintiff files the declaration of Mr. Mcleod and the "expert report." However, the Court provided Plaintiff with ample opportunity to make her case in November 2012, not in October 2013. To make matters worse, the Mcleod declaration is dated as of March 20, 2013. Therefore, Plaintiff apparently has had this declaration for more than 7 months but nevertheless waited until October 2013 to file it. The Court accordingly should deny Plaintiff any ability to present the declaration and "expert report" to this Court.

Even if the Court considers the McLeod declaration and "expert report," these documents do not somehow justify setting aside the Order Dismissing FAC with Prejudice. Plaintiff asserts that the "fraud upon the court" that the McLeod declaration is supposed to support is based on a statement made by Plaintiff, not Bank Defendants. Specifically, Plaintiff apparently "stated that the digital time stamps of Michael Bosco and Paula Gruntmeir on the Trustee's Deed . . . were created using Chosen Security. . . . ." (Third Mot. for Reconsideration p. 3 ll. 1-20.) In making this statement, Plaintiff apparently relied upon an affidavit of Paula Gruntmeir that was filed with the Arizona Secretary of State. (*Id.*) Bank Defendants neither filed the affidavit of Paula Grantmeir with the Court nor did Bank Defendants make any allegations that the time stamp was made using Chosen Security in connection with its motion to dismiss the FAC.[5] Obviously, Plaintiff's statements cannot form the basis for Bank Defendants somehow committing fraud upon this Court.

Additionally, with respect to the "expert report" of Mr. Hillard, nothing in the "expert report" indicates fraud upon the Court. In fact, his report largely duplicates the McLeod

---

[5] The affidavit of Paula Gruntmeir was filed with the Court by Defendants Michael A. Bosco, Jr. and Paula Gruntmeir on or about June 7, 2012 pursuant to the Court's direction at the June 7, 2012 hearing. (Adv. Dkt #s 64, 65.) Immediately prior to the June 7th hearing, on June 6, 2012, Plaintiff filed with the Court a notice of supplemental exhibits, which contained an incomplete copy of the file relating to the complaint that Plaintiff made against Ms. Gruntmeir to the Arizona Attorney General. (Adv. Dkt # 63.) Defendants Michael A. Bosco, Jr. and Paula Gruntmeir appear to have filed the affidavit of Paula Gruntmeir in response to the Court's request that it be provided a complete copy of the file related to the complaint that Plaintiff made to the Attorney General against Ms. Gruntmeir. (Adv. Dkt # 64.)

11

declaration and says nothing new with respect to the timestamp. Plaintiff has always held the incorrect position that the timestamp was signed at 4:50 a.m., and she even attached (improperly) to her FAC a declaration of Curtis Bagget who opined that the timestamp was 4:50 a.m. (FAC, Ex. 2; Adv. Dkt # 23.) This new "expert report" merely provides another opinion that the timestamp is 4:50 a.m. However, Bank Defendants have always disputed this contention, maintained that the Trustee's Deed was signed on 4:50 p.m., and argued that Plaintiff's contentions were based entirely on speculation. The "expert report" provides no first-hand knowledge that Bank Defendants contentions are false; it merely sets forth the "expert" opinion of Mr. Hillard. Therefore, neither the "expert report" nor the Mcleod declaration demonstrate fraud upon the court, much less the "grave miscarriage of justice" that is required to set aside a judgment.

Further, as evidenced by the Hamlin Declaration, the "expert report" is incorrect. The Trustee's Deed was not even in created until 3:50:48 p.m. on January 14, 2010. (Hamlin Dec. ¶ 6.). Obviously, the Trustee's Deed could not have been signed 11 hours before it was created as Plaintiff alleges. As such, Plaintiff's claims of fraud are unfounded.

        *b.    None of the cases cited by Plaintiff are applicable here.*

As further support of her Third Motion for Reconsideration, Plaintiff cites two recent cases that she apparently believes changes the law. An intervening change of law does not always require the extraordinary remedy of reopening a case. *Phelps v. Alameida*, 569 F.3d 1120, 1133 (9th Cir. 2009). Instead, "the decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Id.* Here, no intervening change of law even exists to justify reopening this case.

The first case cited by Plaintiffs is *Grady v. Tri-City Nat. Bank*, CV 12-2507-PHX-JAT, 2013 WL 2147541 (D. Ariz. May 15, 2013). This case is an unreported decision of the district court. It therefore is not binding on this Court nor does it represent an intervening change in Arizona state law. Further, contrary to Plaintiff's assertions, the court in *Grady* did not determine

12

that certain claims (such as lack of notice and lack of default) survive A.R.S. § 33-811(C). In fact, the court stated "it appears given the holding in [*Madison v. Groseth*, 230 Ariz. 8, 12, 279 P.3d 633, 637 (Ct. App. 2012)], Plaintiffs' fail to state a claim under this theory because a lack of notice claim does not survive the § 33–811(C) waiver following the sale." *Id.* at *5. The court further stated, without deciding whether the tort of wrongful foreclosure survives A.R.S. § 33-811, that "Plaintiffs cannot state a claim for wrongful foreclosure because on the undisputed facts in this record, they were in default on their loan obligations at the time of the foreclosure." *Id.* *3. Thus, *Grady* does not constitute an intervening change in law or even support Plaintiff's position.

The second case cited by Plaintiff is *Stauffer v. U.S. Bank Nat. Ass'n*, 308 P.3d 1173 (Ariz. Ct. App. 2013). *Stauffer* does not represent an intervening change in law because it is easily distinguishable from the facts of this case. The holding in *Stauffer* examined whether a notice of trustee's sale, a notice of substitution of trustee, and an assignment of deed of trust fell within the purview of A.R.S. § 33-420A, which governs the recordation of false documents. *Stauffer*, 308 P.3d at 1176-77. In *Stauffer*, the trustee' sale had not yet occurred so A.R.S. § 33-811(C) was not addressed by the court, and the borrower/plaintiff was still the owner of the real property. In this case, the Trustee's Sale occurred almost 3 years ago, and Plaintiff has not been the owner of the Property since January 14, 2010. This Court therefore correctly determined that Plaintiff's claims are barred under A.R.S. § 33-811(C). *Stauffer* accordingly has no applicability to this case, and no intervening change of law has occurred.

> *3. The Court Lacks Jurisdiction to Alter or Amend the Order Dismissing the FAC with Prejudice.*

The Court should no longer exercise jurisdiction over this Adversary Proceeding because the underlying Bankruptcy Proceeding has been dismissed. *See, e.g.,* 3 Collier on Bankruptcy ¶ 349.03[2] (Alan N. Resnick and Henry J. Sommer eds., 16th ed. 2011). In fact, this Court has previously stated that it does not intend to retain jurisdiction over this Adversary Proceeding now that the Bankruptcy Proceeding has been dismissed.[6] (Adv. Dkt #79). As this Court noted in

---

[6] The Court determined that the FAC should be dismissed with prejudice on July 9, 2012, prior to the dismissal of the underlying Bankruptcy Proceeding on September 10, 2012.

13

denying the Second Motion for Reconsideration "the underlying administrative case has been dismissed since September 10, 2012. Pursuant to a September 11, 2012 Order, the Court advised the parties that this adversary proceeding would be dismissed or remanded to the State Court unless a written motion for the court to retain jurisdiction was filed within 21 days of the September 2012 Order or the bankruptcy case was reinstated. Neither event occurred in this case." (Adv. Dkt # 99.)

Additionally, the Court's ability to retain jurisdiction now that the Bankruptcy Proceeding has be dismissed is circumspect in light of the recent Supreme Court decision in *Stern v. Marshall*, ___ U.S. ____, 131 S. Ct. 2594 (2011). In particular, the Supreme Court stated: "[W]hen a suit is made of 'the stuff of the traditional actions at common law tried by the courts at Westminster in 1798,' . . . and is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with Article III judges in Article III courts." *Id*. at 2609 (internal citations omitted). Here, the FAC alleged claims based entirely on state law, are not part of a federal regulatory scheme, and do "not depend[] on the will of congress." *Id*. at 2614 (citation omitted). Thus, without the underlying Bankruptcy Case, the Court should not exercise jurisdiction over this Adversary Proceeding for purposes of reconsidering the Order Dismissing the FAC with Prejudice.

### *4. Plaintiff's Alternative Request for Relief Must Be Denied.*

Plaintiff requests, in the alternative, that the Court revise the Order Dismissing the FAC with Prejudice so that the dismissal is with<u>out</u> prejudice. As set forth above, Plaintiff's request for relief from the Order Dismissing the FAC with Prejudice under Rule 60(b) is baseless. And the Court lacks jurisdiction to amend its Order Dismissing the FAC with Prejudice. Therefore, the Court should deny Plaintiff's alternative request for relief.

### **B. The Court should deny Plaintiff's Request to Retain Jurisdiction.**

Plaintiff requests that this Court retain jurisdiction "in the interest of judicial economy and due process." (Request to Retain Jurisdiction, p. 1, ll. 20-22.) This Court provided Plaintiff with an opportunity to request that this Court retain jurisdiction over this Adversary Proceeding despite the dismissal of the Bankruptcy Proceeding in September 2012. (Adv. Dkt # 99.) However,

14

Case 2:10-ap-02243-SSC    Doc 108    Filed 10/28/13    Entered 10/28/13 17:18:45    Desc
Main Document    Page 14 of 16

Plaintiff took no action in response to this Court's notice. Now, more than one year later, Plaintiff files her Request to Retain Jurisdiction. Plaintiff is too late; her time to take action elapsed in October 2012.

Additionally, Plaintiff states that she "does not seek to reinstate her Bankruptcy at this time." (*Id.* p. 2 ll. 12-16.) But, as discussed more fully above, the Court's ability to retain jurisdiction over Plaintiff's state law claims without her Bankruptcy Proceeding is circumspect in light of *Stern*.

Further, Plaintiff's basis for the Court to retain jurisdiction, judicial economy, is clearly not important to Plaintiff. Plaintiff repeatedly has demonstrated that she will file, dismiss, and re-file complaints and bankruptcy cases as long as she believes it will continue to delay the eviction process. There are numerous other courts, besides this Court, that have heard Plaintiff's frivolous claims, and judicial economy would not be served by allowing Plaintiff to continue with her abuse of the judicial process against Bank Defendants. Moreover, as set forth above, Plaintiff's Third Motion for Reconsideration is meritless, and there is no reason for this Court to retain jurisdiction over an Adversary Proceeding that has been closed since November 21, 2012.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Third Motion for Reconsideration and Request to Retain Jurisdiction should be denied in their entirety.

Dated this 28th day of October, 2013.

SNELL & WILMER L.L.P.

By: /s/ AVH (025518)
    Steven D. Jerome
    Gregory J. Marshall
    Andrew V. Hardenbrook
    Attorneys for Defendants U.S. Bank National Association, as Trustee for GSAA 2007-9, and Wells Fargo Bank, N.A.

COPY of the foregoing served by electronic notification or U.S. Mail on 28th day of October, 2013, to:

Kevin Lee Jensen, Esq.
Law Offices of Kevin Lee Jensen PLLC
3740 E. Southern Avenue, Suite 210
Mesa, AZ 85206
Email: Kevin@jensenlawaz.com

Office of the U.S. Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003
Email: ustpregion14.px.ecf@usdoj.gov

Rachael Anne Earl
1311 S. Claiborne Ave.
Gilbert, AZ 85296


/s/ Andrew V. Hardenbrook

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000